200 So.2d 616 (1967)
Willie Charles HOLLIE and Roberta Brown, Appellants,
v.
James S. RADCLIFFE and Frances Radcliffe, His Wife, Appellees.
No. H-239.
District Court of Appeal of Florida. First District.
June 20, 1967.
Rehearing Denied July 25, 1967.
*617 W. Spencer Mitchem, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellants.
Levin, Askew, Warfield, Levin & Graff, Pensacola, for appellees.
CARROLL, DONALD K., Judge.
The defendants in an automobile collision action have appealed from a final judgment entered by the Circuit Court for Escambia County, based upon a jury verdict.
The basic question before us for determination in this appeal is whether the evidence at the trial is legally sufficient to support the jury verdict as to the damages awarded to each of the plaintiffs.
The evidence establishes that on January 31, 1965, an intersectional collision took place between an automobile owned by the defendant Roberta Brown and operated by the defendant Willie Charles Hollie and an automobile owned and driven by the plaintiff James Radcliffe, in which his wife, the plaintiff Frances Radcliffe, was riding as a passenger. Prior to the trial the defendants admitted their liability for simple negligence, so this appeal is directed solely to the issue of the damages sustained by each of the plaintiffs.
On this issue of damages, the evidence shows that at the time of the collision the plaintiff Radcliffe was a fifty-nine year old man who had for years suffered from Parkinson's Disease. His physician testified that he first noted a "Parkinsonian tremor" in Radcliffe's right hand in 1961 and treated him for the said disease in that year and in 1962, 1963, and 1964.
In October of 1964 Radcliffe, who was formerly a clerk employed by a railway company at a salary of $440 a month, was required by the company to take an indefinite leave of absence because the Parkinson's disease had so affected his right hand that he was unable to write.
Radcliffe was thereafter frequently seen by his physician. It was understood that Radcliffe, if able to control his tremors, might later be re-examined by physicians for the company in order to see whether he could be reinstated in his job.
Radcliffe's physician further testified that by the end of January, 1965, Radcliffe was improved and that he, the physician, hoped that Radcliffe would be ready for re-examination by the company doctors in the next two weeks; that a few days after the collision Radcliffe "was shaking much more *618 than he had previously, and was considerably upset."
In the light of the foregoing circumstances, the defendants thus phrase their first point on appeal: "Is a plaintiff who is susceptible to emotional disturbance entitled to recover for his emotional reaction to an accident when the evidence reflects that he suffered no physical injury, and that his emotional distress was not caused by any impact or trauma sustained in the accident?"
In support of their position as to this first point on appeal, the defendants contend that in Kirksey v. Jernigan, 45 So.2d 188 (1950) and Crane v. Loftin, 70 So.2d 574 (1954), the Supreme Court of Florida squarely aligned this state with the majority of jurisdictions that, where there is no direct physical impact or trauma, recovery may not be had for damages resulting from fright or anguish in an ordinary negligence case.
In answer to this contention the plaintiffs-appellees argue in their appellate brief that, if the rule relied on by the defendants was formerly recognized, the great weight of authority in this country today is in favor of a rule that does not require an impact as a condition for a recovery for mental damages, citing 64 A.L.R.2d, pages 134 and 143. The plaintiffs also contend that the trend of the country among courts that formerly recognized the impact theory is to reverse their former positions and find no need for an impact in order to recover for mental damages, citing as an example the decision of the New Jersey Supreme Court in Falzone v. Busch, 45 N.J. 559, 214 A.2d 12 (1965).
Reviewing the authorities cited by all parties in this appeal with reference to the rule requiring an impact in order to recover damages for mental injuries, as well as the decisions uncovered in our independent research, we must recognize that there has been a perceptible trend in this and other jurisdictions toward a relaxing of the said rule.
In the case at bar, however, it is unnecessary for us to determine whether the trend in Florida to relax the said rule has gone to the extent that damages are recoverable for mental injuries in the absence of an impact. This is so, because of the final and, we think, conclusive contention of the plaintiffs-appellees that the evidence showed that there was an impact sufficient to satisfy the "impact rule."
At the trial the uncontradicted evidence showed that the defendants' automobile ran a stop sign and collided with the driver's side of the car driven by Radcliffe, causing about $500 damages to the latter's car. Certainly this evidence was sufficient to support a finding by the jury as the triers of the case that there was an impact that would satisfy the above "impact rule."
With regard to the fact that Radcliffe had previously suffered from Parkinson's disease, the plaintiffs contend that the rule is established in Florida that, where a pre-existing condition is aggravated by the defendant's negligence, the defendant may be held responsible for the entire condition, citing Atlantic Coast Line R. Co. v. Dees, 56 Fla. 127, 48 So. 28 (1908), Hamblen, Inc. v. Owens, 127 Fla. 91, 172 So. 694 (1937), and Wise v. Carter, 119 So.2d 40 (Fla.App. 1960). We think that this latter rule is applicable to the circumstances shown in the case at bar.
We hold, therefore, that the above point on appeal is without merit. The other points raised by the appellants herein have been considered and are likewise without substantial merit.
Accordingly, the final judgment appealed from herein must be, and it is
Affirmed.
RAWLS, C.J. and JOHNSON, J., concur.