248 So.2d 670 (1971)
Olga WASHEWICH, Appellant,
v.
Hollie H. LeFAVE, Appellee.
No. 70-386.
District Court of Appeal of Florida, Fourth District.
June 7, 1971.
*671 John R. Beranek, of Jones, Paine & Foster, West Palm Beach, for appellant.
Larry Klein of Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, for appellee.
REED, Judge.
The basic issue presented by this appeal is whether or not the defendant may be held liable for an injury to the plaintiff which resulted from two successive accidents where the defendant was responsible only for the second accident and an apportionment or division of the injury as between the two accidents was not reasonably possible under the facts of the case.
On 4 March 1967 the plaintiff, Hollie H. LeFave, the appellee here, filed a complaint in the Circuit Court for Palm Beach County, Florida, alleging injuries as a result of the negligent operation of a motor vehicle by the defendant-appellant, Olga Washewich. The case was tried on 8 January 1968 and resulted in a directed verdict for the defendant on the ground that the plaintiff was unable to apportion her damages as between the accident in which the defendant was involved and an immediately preceding accident which was in no way caused by the defendant.
On 22 April 1968 the trial judge granted plaintiff's post-trial motion for a new trial. The defendant appealed, and the order granting the new trial was affirmed. See Washewich v. LeFave, Fla.App. 1969, 219 So.2d 46. The new trial resulted in a jury verdict in favor of the plaintiff. Final judgment was entered on the verdict and this appeal followed.
The accident occurred on Military Trail in Palm Beach County, Florida, at approximately 12:30 a.m. on 15 November 1966. The plaintiff was driving her automobile in a northerly direction and collided with a vehicle on the west side of the road being driven in a southerly direction by Mr. Gary Cornn. As a result, the plaintiff was thrown from her vehicle and came to rest on the east side of the road in the northbound traffic lane. A few minutes later, the defendant's vehicle approached the scene of the accident from the south. The defendant failed to see the plaintiff and struck the plaintiff who was still lying in the northbound traffic lane. Plaintiff was dragged to the north approximately fiftyone feet by defendant's automobile.
The defendant testified that as she approached the point of impact with the *672 plaintiff, she saw a man standing in the road. Defendant stated that she had been going approximately forty miles per hour, but when she saw the man in the road, she slowed to about thirty miles per hour. Defendant admitted that she did not see the plaintiff until she was about two car lengths south of her. Defendant said she was unable at this point to do anything except apply brakes.
The man whom defendant had seen in the road, one Archie Jones, testified that when he came on the scene, the plaintiff was in the road sitting up and trying to move. Mr. Jones said that another man told the plaintiff to lie down and placed some type cover over her. Shortly thereafter the impact with the defendant's vehicle occurred. After defendant's automobile came to rest, the plaintiff was under the right front wheel of defendant's vehicle. According to Mr. Jones, plaintiff was then motionless.
One treating physician testified that plaintiff, as a result of the accident, had a shortening of one leg and a deformed pelvic ring and both conditions were permanent. He was unable to associate the deformities with either accident, but said the impact of either could have caused them. Similar testimony was given by another treating physician who described certain other injuries received by the plaintiff.
It is a fundamental principle applicable to the law of negligence that where one seeks to recover damages by reason of the negligence of another, the former must not only prove the extent of his injuries, but also that they were proximately caused by the negligence of the latter. Chomont v. Ward, Fla. 1958, 103 So.2d 635, 638. This requirement is somewhat relaxed, however, where the evidence indicates that the defendant's negligence has proximately resulted in an aggravation of a pre-existing injury and the entire consequence cannot reasonably be divided as between several independent causes. In Hamblen, Inc. v. Owens, 1937, 127 Fla. 91, 172 So. 694, 696, the Florida Supreme Court stated:
"* * * The defendant must respond in damages for such part of the diseased condition as his negligence has caused and if there can be no apportionment, or it cannot be said that the disease would have existed apart from the injury, then he is responsible for the diseased condition. * * *"
This principle was applied in the case of Wise v. Carter, Fla.App. 1960, 119 So.2d 40, where the evidence disclosed that the plaintiff was injured in an automobile accident for which the defendant was apparently liable. Twenty-two days prior to this accident the plaintiff had received similar injuries from a fall in a furniture store. The testimony with respect to the injuries was so indefinite with respect to the apportionment of the injuries, that no apportionment could reasonably have been made by the jury. On this basis, the trial court directed a verdict for the defendant, but the court of appeal reversed. The appellate court held:
"The jury should apportion the damages, if they can do so, but if there can be no apportionment, then the defendant is liable for the entire damages."
The same principle was applied under somewhat different facts in the case of Hollie v. Radcliffe, Fla.App. 1967, 200 So.2d 616.
On the basis of the foregoing authority, it is our opinion that where the evidence reveals two successive accidents, and the defendant is only responsible for the second accident, the burden is on the plaintiff to prove to the extent reasonably possible what injuries were proximately caused by each of the two accidents. The jury should be instructed to make an apportionment of the damages as between the two accidents insofar as it may be reasonably possible to do so, but if an apportionment is impossible, the jury may be authorized *673 to charge the defendant with all damages flowing from the entire injury. We have reviewed the trial court's instruction concerning apportionment and conclude that the instruction adequately covered the Florida law on the subject and that no error was committed in submitting the damage issue to the jury on the basis of the instruction.
The defendant contends that the first accident was caused by the fault of the plaintiff and for that reason, according to the defendant, the basic principle of Chomont v. Ward, supra, should be applied in lieu of the more lenient rule of Hamblen v. Owens, supra, and as consequence, defendant should be entitled to a directed verdict because the plaintiff's proof failed to show the precise extent to which defendant's conduct contributed to the injury. We disagree with the defendant's premise. The rule of Hamblen v. Owens has as its purpose the prevention of a subsequent wrongdoer from escaping responsibility where his conduct contributed to the creation of the situation in which the problems of apportionment arose. If we are correct in this, it follows that the rule would apply regardless of whose fault caused the first accident.
The defendant relies on the case of Scott v. Rainbow Ambulance Service, Inc., 1969, 75 Wash.2d 494, 452 P.2d 220. In the Scott case it appeared that the plaintiff's attorney in his opening statement advised the jury that it was impossible to prove to what extent the plaintiff's injuries were caused by her first accident and to what extent they were caused by a subsequent accident for which defendant was responsible. After the opening statement the trial court on motion dismissed the action on the ground that the plaintiff was unable to prove with any reasonable certainty what injuries were attributable to the defendant. On appeal, the Supreme Court of Washington affirmed the trial court. As we read the opinion of the Washington court, however, it appears to us that the affirmance was based on the assumption by the appellate court that the plaintiff was unwilling to make a reasonable effort to segregate the damages. The court stated (p. 222):
"* * * When the facts of the case are such that plaintiff is clearly one of the two persons responsible for the injury involved, and plaintiff makes no attempt to segregate those damages, we find no over-riding reason in justice for shifting that burden of proof to the defendants." (Emphasis added.)
It, therefore, appears to us that the Washington decision can be reconciled with the present case on the ground that in the present case the plaintiff did everything that could reasonably have been expected of her to segregate the damages as between the two accidents. To the extent that the Washington decision cannot be reconciled with the position we take, we would simply submit that it is inconsistent with the principles established in Florida which derive from the landmark decision of C.F. Hamblen, Inc. v. Owens, supra.
The appellant has raised several other points in her brief. We have carefully reviewed these and conclude that they do not present reversible error or require discussion.
For the foregoing reasons, the judgment appealed from is affirmed.
Affirmed.
CROSS, C.J., and McDONALD, PARKER LEE, Associate Judge, concur.