271 So.2d 226 (1972)
Ray W. JOHNSON and Reta L. Johnson, His Wife, Appellants,
v.
HERLONG AVIATION, INC., Appellee.
No. 71-763.
District Court of Appeal of Florida, Second District.
December 6, 1972.
Rehearing Denied January 26, 1973.
Ronald H. Schnell, St. Petersburg, for appellants.
*227 Robert B. Laseter, Jr., Marks, Gray, Conroy & Gibbs, and Smith, Hulsey, Schwalbe, Spraker & Nichols, Jacksonville, for appellee.
LILES, Judge.
Appellant, Ray Johnson, purchased a Cessna airplane from Herlong Aviation, Inc., appellee. Subsequently, he and his wife, Reta L. Johnson, took a trip to Freeport, Grand Bahamas. On their return trip, the airplane developed severe vibrations and other difficulties. After landing in St. Petersburg, appellant had the airplane repaired. A long list of difficulties were alleged to have been present and the costs of repairs were $2,029.88. Appellants then brought suit against Herlong Aviation, Inc. in a four count complaint. Summary judgment was granted on counts three and four, leaving counts one and two to be adjudicated. The trial judge transferred the cause to the appropriate court, the civil and criminal court of record, on the basis that the jurisdictional amounts were below the circuit court's jurisdiction.
Appellants assign as error the trial judge's dismissal of counts three and four and maintain that there was a genuine issue of material fact alleged in both counts three and four. We believe the trial judge was correct in dismissing count four in that there was no evidence to be adduced which would constitute punitive damages.
We believe, however, that the trial judge erred in dismissing plaintiffs' complaint for damages for mental pain and anguish resulting from her fright during the return trip from the Grand Bahamas. We do not rule as a matter of law that she is entitled to damages. We simply say that she is entitled to a trial on the amended count three of the complaint.
Count three presents the question of compensable damages in the absence of impact. This court recently in Way v. Tampa Coca Cola Bottling Company, Fla.App. 1972, 260 So.2d 288, abolished the necessity for impact in food and beverage cases and followed the rule laid down in Wallace v. Coca-Cola Bottling Plants, Inc., Me. 1970, 269 A.2d 117.
We have reviewed the trend in Florida as well as in other jurisdictions and believe the time has come when the impact doctrine serves no useful purpose. See Hollie v. Radcliffe, Fla.App. 1967, 200 So.2d 616. We recognize that this holding is in conflict with case law of Florida and that appellee would be in a position to invoke the jurisdiction of the Supreme Court of Florida by conflict certiorari. Therefore, we hereby certify to the Supreme Court of Florida, as a question of great public interest, the following:
CAN A PLAINTIFF RECOVER FOR MENTAL PAIN AND ANGUISH IN THE ABSENCE OF IMPACT?
For the foregoing reasons the cause is reversed and remanded with instructions to reinstate plaintiffs' amended count three and proceed to trial in the circuit court on all issues of damages in counts one, two and three.
PIERCE, C.J., and MANN, J., concur.