498 So.2d 568 (1986)
Warren MASER and American Motorists Insurance Company, Appellants,
v.
Tracy Ward FIORETTI, etc., Appellee.
No. 86-253.
District Court of Appeal of Florida, Fifth District.
November 26, 1986.
*569 Sandy Manjasek and Cliff B. Gosney, Jr., Daytona Beach, for appellants.
Michael P. Falkowski, Daytona Beach, for appellee.
ORFINGER, Judge.
Warren Maser and American Motorists Insurance Company, defendants in the trial court, appeal from a final judgment on the jury verdict awarding $10,000 to Tracy Fioretti for injuries she received in an automobile accident. Fioretti had sustained injuries as a result of two unrelated auto accidents and sued each of the drivers in a joint suit. Maser was alleged to be responsible for the second accident. Prior to trial Fioretti settled the first accident for $6,000 and dismissed that claim. Appellants argue that the trial court erred when it refused to set off the $6,000 settlement against the $10,000 jury verdict. We disagree and affirm.
The plaintiff testified that the second accident produced new injuries and aggravated injuries which she had suffered in the first accident. She testified that many of the symptoms of the first injury had disappeared when the second accident occurred. The plaintiff's treating physician testified that while he could not apportion the permanency of the injury between the first and second accident, in his opinion, the degenerative changes in the 21 year old plaintiff's spine were attributable to the *570 second accident. If injuries sustained as a result of a second accident are inseparable from those sustained in an earlier accident, the second tortfeasor may be held liable for all the injuries. Randle-Eastern Ambulance Service, Inc. v. Millens, 294 So.2d 38 (Fla. 3d DCA), cert. denied, 302 So.2d 416 (Fla. 1974). Hamblen v. Owens, 127 Fla. 91, 172 So. 694 (1937); Washewich v. LeFave, 248 So.2d 670 (Fla. 4th DCA 1971); Wise v. Carter, 119 So.2d 40 (Fla. 1st DCA 1960). If the jury could not apportion the injuries and returned a verdict for all of them, then by virtue of section 768.041, Florida Statutes (1985),[1] appellant would have been entitled to an offset for the $6,000 received by plaintiff from the first tortfeasor.
Following the jury charge conference, both parties stated they had no objections to the proposed instructions or verdict forms. The jury was instructed that if it could apportion damages between the two accidents it should make allowances in the verdict only for the new or aggravated injuries. If the jury was unable to apportion damages, they were instructed to consider and make allowances in the verdict for the entire condition. The jury returned a general verdict setting damages at $10,000. No special interrogatory was submitted to the jury, so it is impossible to determine whether the verdict was for total or apportioned damages.
Appellants rely on Security Mutual Casualty Company v. Bleemer, 327 So.2d 885 (Fla. 3d DCA 1976) in support of their argument that the cause should be remanded for new trial on damages. We disagree with Bleemer's holding that it is fundamental error not to submit a special interrogatory to determine whether the verdict was for total or apportioned damages. The jury was instructed on the two ways it could arrive at damages. Where a general form is submitted to the jury without objection, reversal is improper where no error is found as to one of several issues submitted to the jury on which the verdict may be properly based. Middelveen v. Sibson Realty, Inc., 417 So.2d 275 (Fla. 5th DCA), rev. denied, 424 So.2d 762 (Fla. 1982). See also Whitman v. Castlewood Intern. Corp., 383 So.2d 618 (Fla. 1980). It seems to us that it was the appellants' burden to request the special interrogatory verdict form because they wanted the benefit of the offset and it was their burden under the statute to make the showing that the plaintiff had been partially paid for the same injury. Based on the pleadings and the evidence here, the jury could have determined that it could apportion the damages.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Section 768.041, Florida Statutes (1985) states in pertinent part:

(2) At trial, if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.