763 So.2d 276 (2000)
Selma GROSS, Petitioner,
v.
Rebecca LYONS, Respondent.
No. SC94201.
Supreme Court of Florida.
May 18, 2000.
*277 Elizabeth M. Rodriguez of Kubicki Draper, Miami, Florida, for Petitioner.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, West Palm Beach, Florida, for Respondent.
Richard A. Barnett, Hollywood, Florida, for The Academy of Florida Trial Lawyers, Amicus Curiae.
PER CURIAM.
We have for review a decision of the Fourth District Court of Appeal addressing the following question, which the court certified to be of great public importance:
WHERE A PLAINTIFF IS INVOLVED IN TWO UNRELATED ACCIDENTS AND SUES ONLY THE TORTFEASOR IN THE FIRST ACCIDENT, ARE THE PRINCIPLES OF APPORTIONMENT CONTAINED IN C.F. HAMBLEN, INC. V. OWENS, 127 Fla. 91, 172 So. 694, 696 (1937), AND WASHEWICH V. LeFAVE, 248 So.2d 670, 672 (Fla. 4TH DCA 1971) APPLICABLE?
Gross v. Lyons, 721 So.2d 304, 312 (Fla. 4th DCA 1998). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer the certified question affirmatively.
The facts and procedure are as follows:
[Respondent]'s lawsuit arises from a [July 1992] rear-end collision that she claims resulted in multiple injuries, including an injury to her back. Three months later [respondent] was involved in a second automobile accident. [Respondent] claimed that she did not suffer any additional injuries as a result of this second accident and that her damages resulted from the first accident. When [respondent]'s condition did not improve, [respondent]'s treating orthopedic surgeon performed a fusion on her lower lumbar spine. [The operation and subsequent therapy occurred after the second accident.]
[Petitioner] admitted liability for causing the first accident, but denied being the legal cause of [respondent]'s damages. [Petitioner] claimed that any of [respondent]'s medical problems, including her back surgery, resulted from a preexisting back condition [a Pars defect] or alternatively from the second accident.
Gross, 721 So.2d at 305.
The trial court instructed the jury that respondent could recover for an aggravation of a preexisting condition; however, the court also gave the following instruction concerning the second accident:
The court has determined and now instructs you as a matter of law that Mrs. Gross was negligent in the operation of a motor vehicle and that such negligence was the sole legal cause of the collision involving Rebecca Lyons on July 2, 1992.
Rebecca Lyons is therefore entitled to recover from Selma Gross such loss, injury or damage as is shown by the greater weight of the evidence to have thus been caused.
You are further instructed that Rebecca Lyons may not recover any loss, injury or damage caused by the second accident of September 15, 1992.
(Emphasis added.) Subsequent to receiving the above instruction, the jury returned a defense verdict and awarded zero damages.
On appeal, the Fourth District Court of Appeal reversed the trial court's ruling on the instruction because
if the injuries could not be apportioned between the two accidents, the tortfeasor *278 causing the first accident could be held responsible for the entire condition if plaintiff has made all reasonable efforts to apportion the injuries.
Because the jury instruction was an incomplete statement of the law concerning subsequent accidents, the jury might reasonably have been confused and misled as to what to do if they determined a combination of both accidents caused [respondent]'s condition but that the damages could not be separated. In conjunction with the complete instruction given on aggravation of a preexisting condition, this incomplete instruction might have also improperly led the jury to believe that if the damages could not be apportioned, the first tortfeasor would not be responsible for the damages.
Id. at 308.

C.F. HAMBLEN, INC. V. OWENS

On review before this Court, petitioner argues that the Fourth District erred in extending the rule in C.F. Hamblen, Inc. v. Owens, 127 Fla. 91, 172 So. 694, 696 (1937), to the instant scenario so that a previous tortfeasor may be liable for the harm caused by a subsequent tortfeasor if the jury cannot apportion the injury between the two. Petitioner also advocates that this Court should adopt the "rough apportionment" method of dividing damage where a jury cannot apportion by a preponderance of the evidence. We disagree with petitioner on both counts.
The reasoning in support of Hamblen and its progeny also supports the application of the Hamblen rationale to the instant circumstance. Hamblen recognized the
settled law that where injuries aggravate an existing ailment or develop a latent one, the person whose negligence caused the injury is required to respond in damages for the results of the disease as well as the original injury. In such cases the injury is the prime cause which opens the way to and sets in motion the other cause and the latter cannot be regarded as an independent cause of injury, nor can the wrongdoer be allowed to apportion the measure of responsibility to the initial cause. The defendant must be responsible in damages for such part of the diseased condition as his negligence has caused and if there can be no apportionment, or it cannot be said that the disease would have existed apart from the injury, then he is responsible for the diseased condition.
127 Fla. at 95-96, 172 So. at 696.
The Fourth District in Washewich v. LeFave, 248 So.2d 670 (Fla. 4th DCA 1971), applied Hamblen to an instance of successive accidents and held that
where the evidence reveals two successive accidents, and the defendant is only responsible for the second accident, the burden is on the plaintiff to prove to the extent reasonably possible what injuries were proximately caused by each of the two accidents. The jury should be instructed to make an apportionment of the damages as between the two accidents insofar as it may be reasonably possible to do so, but if an apportionment is impossible, the jury may be authorized to charge the defendant with all damages flowing from the entire injury.
Washewich, 248 So.2d at 672-73. The Washewich court relied on what it found to be the purpose of the Hamblen court's decision against apportionment: "The rule of Hamblen v. Owens has as its purpose the prevention of a subsequent wrongdoer from escaping responsibility where his conduct contributed to the creation of the situation in which the problems of apportionment arose." Washewich, 248 So.2d at 673. An additional purpose in support of the Washewich decision is that the injured party should be able to recover for his or her injuries and the recovery should not be diminished because of a jury's inability to apportion injury between wrongdoers.
*279 In the present case, we have the reverse of Hamblen and Washewich, i.e., the prior tortfeasor is sued, but the concerns are the same. In keeping with Hamblen's principle of making the plaintiff whole, we conclude that where the plaintiff sues the first of two successive tortfeasors and establishes liability, but the jury cannot apportion the injury between the two after both parties have had the opportunity to present evidence on the issue, the first tortfeasor will be liable for the entire injury. The requirement of proving proximate cause as it relates to the issue of apportionment is relaxed so as to allow recovery for the indivisible injury. See id. at 672. Furthermore, "a tortfeasor should not escape responsibility when two independent causes both proximately contribute to cause an ultimate injury and plaintiff has done everything that could reasonably have been expected of her to segregate the damages as between the two accidents." Gross, 721 So.2d at 307 (internal quotation marks omitted). In such an instance, prior tortfeasors will be liable for whole injuries just as subsequent tortfeasors have been liable for entire unapportionable injuries, thereby providing full relief for proven injuries suffered by victims of negligence. Imposition of liability for the indivisible injury upon the prior tortfeasor mirrors the like imposition on subsequent tortfeasors imposed by Hamblen.

THE INDIVISIBLE INJURY RULE
Our application of Hamblen to the instant scenario effectively results in our application of the "Indivisible Injury Rule" under which successive tortfeasors cause damages which the jury cannot apportion, thus giving rise to their liability for all of the damages. The Restatement (Second) of Torts provides for the apportionment of damages between various tortfeasors who contribute to injury if each tortfeasor's harm is "distinct" or there is a "reasonable basis for determining the contribution of each cause to a single harm." Restatement (Second) of Torts § 433A (1965). Conversely, the Restatement explains that when "two or more causes combine to produce such a single [harm], incapable of division on any logical or reasonable basis, and each is a substantial factor in bringing about the harm, the courts have refused to make an arbitrary apportionment for its own sake, and each of the causes is charged with the responsibility for the entire harm." Id. § 433A(2) cmt. i. Many states apply this rule. See, e.g., Stubbs v. Ringler, Nos. 85C-OC-1, 86C-MR-13, 1988 WL 117284, at *3 (Del.Super.Ct. Oct.6, 1988)(citing Leishman v. Brady, 3 A.2d 118, 120 (Del.Super.Ct.1938)); Barlow v. Thornhill, 537 S.W.2d 412, 418 (Mo. 1976); Ravo v. Rogatnick, 70 N.Y.2d 305, 520 N.Y.S.2d 533, 514 N.E.2d 1104, 1107 (1987); Pang v. Minch, 53 Ohio St.3d 186, 559 N.E.2d 1313, 1323-25 (1990); Bradford v. Vento, 997 S.W.2d 713, 734 (Tex.App. 1999)("Joint and several liability is also appropriate when the tortious acts of multiple tortfeasors combine to produce a single, indivisible injury.").
Application of the indivisible injury rule is not inconsistent with Florida statutory law concerning the apportionment of damages amongst tortfeasors based on fault. Section 768.81(3), Florida Statutes (1999), provides that trial courts "shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability." In Fabre v. Marin, 623 So.2d 1182 (Fla.1993), this Court observed that the Legislature's intention in enacting section 768.81 was to "replace joint and several liability with a system that requires each party to pay for noneconomic damages only in proportion to the percentage of fault by which that defendant contributed to the accident." Fabre, 623 So.2d at 1185. The indivisible injury rule and the apportionment of damages based on fault are not mutually exclusive. Here, for example, petitioner was the sole legal cause for the accident; therefore, if that accident was a substantial factor in causing respondent to suffer an indivisible injury, then petitioner would be liable for the *280 entire damage. Accordingly, we hereby adopt into Florida law the indivisible injury rule to be applied when a jury cannot apportion injury, as quoted from the Arizona Supreme Court: "When the tortious conduct of more than one defendant contributes to one indivisible injury, the entire amount of damage resulting from all contributing causes is the total amount of damages recoverable by the plaintiff." Piner v. Superior Court, 192 Ariz. 182, 962 P.2d 909, 915-16 (1998)(internal quotation marks omitted).

ROUGH APPORTIONMENT
In so holding, we reject petitioner's invitation for this Court to adopt into Florida law the "rough apportionment" method of dividing damages where the jury cannot apportion injury by a preponderance of the evidence. The Supreme Court of Hawaii in a scenario similar to the case sub judice held that it was error to instruct the jury that the defendant in the first accident would be liable for all the damages if it could not apportion damages between successive unrelated accidents. That court held that
the proper procedure is for the trial court to instruct the jury that if it is unable to determine by a preponderance of the evidence how much of the plaintiff's damages can be attributed to the defendant's negligence, it may make a rough apportionment. Heretofore, this court has recognized that
the law never insists upon a higher degree of certainty as to the amount of damages than the nature of the case admits, and that where, as here, the fact of damage is established, a more liberal rule is allowed in determining the amount....
Inherent in such a lessening of the burden of proof is the assumption that both parties will be permitted to introduce all relevant evidence pertaining to all the accidents even though all the alleged tortfeasors may not be before the court in the same action....
The trial court should instruct the jury that if it is unable to make even a rough apportionment, it must apportion the damages equally among the various accidents. We recognize that this resolution is arbitrary. It is, however, no less arbitrary than placing the entire loss on one defendant.
Loui v. Oakley, 50 Haw. 260, 438 P.2d 393, 397 (1968) (footnote omitted).
We decline to adopt "rough apportionment" into Florida law because it is a speculative method of apportioning damage since the jury is asked to make a decision by less than a preponderance of the evidence.[1] Furthermore, to proceed to the next stage of the "rough apportionment" method and simply divide evenly the damage between tortfeasors would work, in many cases, to deny plaintiffs recovery from tortfeasors not a party to the proceeding based on an apportionment that, again, is not supported by the greater weight of the evidence. Under either guise of "rough apportionment," victims of negligence would be prevented from being compensated because inferior evidence would result in an arbitrary apportionment. Finally, we view our expansion of the rule in Hamblen and the adoption of the indivisible injury rule to be less of a departure from established Florida precedent than would be the case if we adopted "rough apportionment" into our jurisprudence. We therefore decline to adopt "rough apportionment."
Accordingly, we answer the certified question in the affirmative and approve the decision below.
It is so ordered.
*281 HARDING, C.J., and SHAW, WELLS, ANSTEAD, LEWIS and QUINCE, JJ., concur.
PARIENTE, J., recused.
NOTES
[1] A "preponderance" of the evidence is defined as "the greater weight of the evidence," Black's Law Dictionary 1201 (7th ed.1999), or evidence that "more likely than not" tends to prove a certain proposition. American Tobacco Co. v. State, 697 So.2d 1249, 1254 (Fla. 4th DCA 1997) (quoting Bourjaily v. United States, 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987)).