831 So.2d 218 (2002)
Terry McCOWN, Appellant/Cross-Appellee,
v.
ESTATE OF Edna E. SEIDELL, Appellee/Cross-Appellant.
No. 5D01-3562.
District Court of Appeal of Florida, Fifth District.
October 18, 2002.
Rehearing Denied November 27, 2002.
*219 Kenneth S. Fredericksen of Parrish & Fredericksen, P.A., Orlando, for Appellant/Cross-Appellee.
David A. Collins of Law Offices of Robert Soifer, Orlando, and Elizabeth C. Wheeler, P.A., Orlando, for Appellee/Cross-Appellant.
PLEUS, J.
Terry McCown was injured in an automobile accident. He asserts that the jury's finding of no permanent injury was against the manifest weight of the evidence and appeals the trial court's denial of his motion for a new trial. A doctor, however, who testified for the plaintiff, offered contradictory opinions at differing points in time subsequent to the accident, as to whether the plaintiff suffered a permanent injury. Given the conflict in the evidence presented on the permanency of plaintiff's injuries, the jury was free to "accept or reject the [medical expert testimony] just as it may accept or reject that of any other expert." Shaw v. Puleo, 159 So.2d 641, 644 (Fla.1964). Accordingly, we find no abuse of discretion in the trial court's denial of a new trial on this issue.
McCown argues that the jury's finding of no permanent injury was not supported by the evidence because the defendant did not present expert medical testimony to contradict McCown's expert medical testimony that he suffered permanent injuries. As we held in Rogers v. Morini, 714 So.2d 674 (Fla. 5th DCA 1998), a defendant in a personal injury action is not required to present expert testimony to contradict the claimant's expert testimony of permanent injuries. See also Weygant v. Fort Myers Lincoln Mercury, Inc., 640 So.2d 1092 (Fla.1994). Even with a finding of permanent injury, the jury is free to reject an award of future damages. Kwader v. Pandolfo, 711 So.2d 1382 (Fla. 5th DCA 1998).
In the same order rejecting a motion for a new trial, the trial court granted an additur, or in the alternative, a new trial on damages, with respect to the jury's award of future medical expenses and future lost wages. The jury awarded plaintiff $1,050 in future medical expenses and $450 in lost wages. The trial court, in granting the additur, noted that the evidence was undisputed that the cost of the plaintiff's needed future hernia surgery was between $19,700 and $21,100 and that the plaintiff, following this surgery, would also incur $8,000 in lost wages. The trial court noted that once the jury determined that the negligence of the defendant was *220 the legal cause of the plaintiff's injury and that future medical expenses and lost wages would be incurred, it could not thereafter make awards of amounts for which there was no testimony.
The defendant argues the awards made by the jury can be justified by the fact that the jury was given apportionment instructions and the awards made were roughly five percent of the testified-to future costs. The defendant cites to Gross v. Lyons, 763 So.2d 276 (Fla.2000), for the proposition that the jury reasonably made an apportioned award based on a conclusion that McCown's pre-existing injuries and post-accident lifestyle and work activities caused the major portion of his present woes.
In Lyons, while the court generally re-affirmed principles of apportionment in Florida law, the court specifically rejected the "rough apportionment" method of dividing damages proposed by the defendant in that case. The court concluded that to do so would be to adopt a speculative method of apportionment in which the jury was making its determination on less than a preponderance of the evidence. Lyons, 763 So.2d at 280. The only apportionment instruction given in the instant case was as to the pre-existing condition of the defendant. As to this pre-existing condition, the jury did not attempt to apportion McCown's past medical expenses or lost wages. The jury, likewise, therefore should not have apportioned the future damages on the basis of the pre-existing condition, the only basis it was given by which to apportion. Given that, as stated in Lyons, Florida has declined to adopt a rough apportionment rule, the jury, from the evidence and instructions given, and upon finding McCown entitled to all his past medical expenses and lost wages, could only award, or not award at all, the only future damage figures presented, the ones presented by McCown.
A reasonable man could conclude, as the trial court did, that the manifest weight of the evidence required a grant of additur to make the future damage figures equal to the amounts for which there was evidence presented. The trial court, accordingly, did not abuse its discretion in granting the additur requests.
On remand, the defendant, in having rejected the additur, is entitled to a new trial, but a new trial on "damages only." Section 768.043(1), Florida Statutes (2000) provides: "If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only." The defendant does not contest the amount of past expenses and this court, herein, affirms the decision of the trial court with respect to the jury's finding of no permanent injury. Thus, we note that because only the future medical and future lost wage claims are at issue, the trial on damages shall be limited to same. ITT Hartford Ins. Co. of the Southeast v. Owens, 816 So.2d 572 (Fla.2002).
ORDER ON PLAINTIFF'S AMENDED MOTION FOR ADDITUR, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL AFFIRMED. CAUSE REMANDED FOR NEW TRIAL ON DAMAGES PURSUANT TO § 768.043(1), FLA. STAT. (2000).
COBB and PALMER, JJ., concur.