# Supreme Court of Florida

_____

No. SC13-1669

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CIVIL CASES—REPORT
NO. 13-02.**

[March 20, 2014]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases

(Committee) has submitted proposed changes to the standard jury instructions and

asks that the Court authorize the amended standard instructions for publication and

use.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Committee proposes amending instruction 501.5 (Other Contributing

Causes of Damages), with a new paragraph, (c), Subsequent injuries caused by

medical treatment.  The proposal was prompted by the law that considers the

treating doctor's negligence in rendering medical care to the victim for the initial

injuries as part of the consequences caused by the original actor's negligence that

required the medical treatment.  Stuart v. Hertz Corp., 351 So. 2d 703 (Fla. 1977).

There is a need for a specific instruction for this complex legal subject. The Committee published its proposal in The Florida Bar News. Two comments were received.

We authorize the changes to instruction 501.5 as proposed. Instruction 501.5(c), as amended, sets out the proposition that if the defendant caused the injury, loss, or damage to the claimant, he or she is responsible for any injury, loss, or damage caused by medical care or treatment reasonably obtained by the claimant. In Stuart, the Court held that an active tortfeasor in an automobile accident may not bring a third party action for indemnity against a physician for damages directly attributable to malpractice which aggravated the plaintiff's injuries. 351 So. 2d at 704-705. The Court noted that "Florida continues to follow the general rule that where each tortfeasor is chargeable with active or affirmative negligence contributing to the injury for which recovery was had, neither is entitled to indemnity from the other." Id. at 705. The Court thereupon stated that "[i]t follows that the rights of a party to indemnification will be denied where his own wrongful act or omission proximately contributes to the injury complained of." Id. Underlying the Court's ruling is the proposition that "a wrongdoer is liable for the ultimate result, although the mistake or even negligence of the physician who treated the injury may have increased the damage which would otherwise have

followed from the original wrong." Id. at 707 (quoting 57 Am.Jur.2d Negligence § 149, at 507).

After consideration of the Committee's proposal, the dissenting view, and the comments submitted to the Committee, we hereby authorize the publication and use of instruction 501.5 as amended, set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of the instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions, nor contesting the legal correctness of the instruction. We further caution all interested parties that any comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining. The instruction as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Civil Cases

Honorable James Manly Barton, II, Committee Chair, Supreme Court Committee on Standard Jury Instructions, (Civil), Tampa, Florida; Joseph Hagedorn Lang, Jr., Committee Vice-Chair and Subcommittee Chair, Supreme Court Filing Subcommittee, Tampa, Florida; and Elizabeth K. Russo, Subcommittee Chair, Negligence Subcommittee, Miami, Florida,

for Petitioner

# APPENDIX

## 501.5 OTHER CONTRIBUTING CAUSES OF DAMAGES

a.   *Aggravation or activation of disease or defect:*

**If you find that the** (defendant(s)) **caused a bodily injury, and that the injury resulted in [an aggravation of an existing disease or physical defect] [or] [activation of a latent disease or physical defect], you should attempt to decide what portion of** (claimant's) **condition resulted from the [aggravation] [or] [activation]. If you can make that determination, then you should award only those damages resulting from the [aggravation] [or] [activation]. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by** (claimant)**.**

NOTE ON USE FOR 501.5a

This instruction is intended for use in situations in which a preexisting physical condition is aggravated by the injury, or the injury activates a latent condition. See *C. F. Hamblen, Inc. v. Owens*, 172 So. 694 (Fla. 1937). Instruction 501.5a is necessary where Instruction 401.12b, Concurring cause, is given. See *Hart v. Stern*, 824 So.2d 927, 932–34 (Fla. 5th DCA 2002); *Auster v. Gertrude & Philip Strax Breast Cancer Detection Institute, Inc*., 649 So.2d 883, 887 (Fla. 4th DCA 1995).

b.   *Subsequent injuries/multiple events:*

**You have heard that** (claimant) **may have been injured in two events. If you decide that** (claimant) **was injured by** (defendant) **and was later injured by another event, then you should try to separate the damages caused by the two events and award** (claimant) **money only for those damages caused by** (defendant)**. However, if you cannot separate some or all of the damages, you must award** (claimant) **any damages that you cannot separate as if they were all caused by** (defendant)**.**

NOTES ON USE FOR 501.5b

1.   Instruction 501.5b addresses the situation occurring in *Gross v. Lyons*, 763 So.2d 276 (Fla. 2000). It is not intended to address other situations. For example, see *Stuart v. Hertz Corp.*, 351 So.2d 703 (Fla. 1977), and *Eli Witt Cigar & Tobacco Co. v. Matatics*, 55 So.2d 549 (Fla. 1951). The committee recognizes

that the instruction may be inadequate in situations other than the situation in *Gross.*

2.     The committee takes no position on whether the subsequent event is limited to a tortious event, or may be a nontortious event.

*c.     Subsequent injuries caused by medical treatment:*

**If you find that** (defendant(s)) **caused [loss] [injury] [or] [damage] to** (claimant)**, then** (defendant(s)) **[is] [are] also responsible for any additional [loss] [injury] [or] [damage] caused by medical care or treatment reasonably obtained by** (claimant)**.**

NOTE ON USE FOR 501.5c

This instruction is intended for use in cases involving additional injury caused by subsequent medical treatment. See, e.g., *Stuart v. Hertz Corp.*, 351 So.2d 703 (Fla. 1977); *Pedro v. Baber*, 83 So.3d 912 (Fla. 2d DCA 2012); *Tucker v. Korpita*, 77 So.3d 716, 720 (Fla. 4th DCA 2011); *Nason v. Shafranski*, 33 So.3d 117 (Fla. 4th DCA 2010); *Dungan v. Ford,* 632 So.2d 159 (Fla. 1st DCA 1994).