IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BRITTANY HANEY,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

  Appellant,

v.         CASE NO. 1D15-3905

LESLIE SLOAN,

  Appellee.

_____/

Opinion filed March 3, 2017.

An appeal from the Circuit Court for Bay County.
Stewart E. Parsons, Judge.

Caryn L. Bellus and Bretton C. Albrecht of Kubicki Draper, P.A., Miami, for Appellant.

Dennis R. Schutt and Cindy K. Kinslow-Coats of Schutt, Schmidt & Noey, Jacksonville, for Appellee.


PER CURIAM.

  This appeal arises from a car accident and Leslie Sloan's personal injury lawsuit against Brittany Haney, which resulted in a $1.6 million verdict. Because the trial court improperly directed a verdict on the amount of past medical expenses when conflicting record evidence existed at trial, we reverse and remand for a new damages trial.

Ms. Sloan (Plaintiff) and Ms. Haney (Defendant) were involved in a car accident in March 2012 that injured Plaintiff. After the accident, she received chiropractic and pain management care and had a spinal fusion on her neck. After her medical interventions and appointments substantially subsided, Plaintiff was involved in an unrelated accident. After this December 2013 accident, Plaintiff also sought medical help. She had many treatments with her chiropractor and pain management doctors and was diagnosed as having a temporomandibular joint (TMJ) condition.

Plaintiff then sued Defendant to recover from the first accident. Defendant admitted liability as to Plaintiff's neck injury, but disputed fault for Plaintiff's other injuries and TMJ condition. Defendant ascribed Plaintiff's other medical problems primarily to the second accident. After the parties presented their evidence, Plaintiff moved for a directed verdict as to all of her past medical expenses, incurred both before and after the second accident. She argued that a jury could not differentiate between her injuries caused by the two accidents based on the evidence presented, and therefore must attribute all of Plaintiff's injuries to the initial accident. Over Defendant's objection, the trial court granted the motion and informed the jury that all of Plaintiff's past medical expenses, some $130,577.18, were legally attributable to the first accident and caused by Defendant. Plaintiff then argued at closing that

the jury should consider its award of future medical expenses and pain and suffering expenses based on the premise that Defendant had solely caused all of Plaintiff's injuries. The jury then returned a verdict for Plaintiff in the amount of $1,630,577.18.

II.

A.

Where a plaintiff has been involved in successive accidents but sues just one of the tortfeasors causing her injuries, it is the jury's role to determine whether the plaintiff's injuries can be apportioned between the first and second accident. See Gross v. Lyons, 763 So. 2d 276, 279 (Fla. 2000); In re Standard Jury Instructions In Civil Cases—Report No. 13–02, 135 So. 3d 281, 282 (Fla. 2014). If the injuries cannot be apportioned, then the jury is to find the prior tortfeasor responsible for all of the injuries. Gross, 763 So. 2d at 279. A trial court should proceed with "extreme caution" in deciding to remove a case from the jury's purview and grant a directed verdict motion. Houghton v. Bond, 680 So. 2d 514, 522 (Fla. 1st DCA 1996). It is reversible error to grant a motion for directed verdict when conflicting evidence exists regarding the causation of injuries and the attribution of expenses between them. See Pugliese v. Terek, 117 So. 3d 1230 (Fla. 3d DCA 2013); Moore v. Perry, 944 So. 2d 1115 (Fla. 5th DCA 2006); Gross v. Lyons, 721 So. 2d 304 (Fla. 4th DCA 1998), approved, 763 So. 2d 276 (Fla. 2000).

3

B.

In the instant case, the trial court attributed all of Plaintiff's past medical bills—including bills incurred after the second accident—to the first accident and granted a directed verdict. It is undisputed that the neck injury arose from the initial car accident. The source of Plaintiff's other injuries (and resulting medical bills), however, is disputed. Plaintiff presented expert testimony from her chiropractor and her pain management specialist that her lower back injury, TMJ condition, and pain primarily arose from the initial accident. But Plaintiff's experts also acknowledged, as did Defendant's expert, that some of her pain and treatment, at least temporarily, arose from the second accident.

There was conflicting evidence about the proper attribution of some of the medical bills and whether they were attributable to the first accident or the second. Whereas Plaintiff argued that a jury could not segregate bills between the injuries caused by the two accidents, some evidence suggests that certain bills could indeed be differentiated. Plaintiff's pain management doctor stated, for instance, that he was unaware that Plaintiff had even been involved in a subsequent accident. He hadn't reviewed Plaintiff's medical records from the second accident, but conceded that it could have caused her spine, TMJ, and lower back problems. In other words, there was a basis for the jury to agree with the Defendant that Plaintiff's post-December 2013 bills arose from the second accident.

4

With respect to other bills, Defendant's medical expert testified based on Plaintiff's own statements of his belief that certain chiropractic treatments in Georgia did not stem from the first accident, but from a sleeping-related problem. Here again, the jury had a basis for attributing some of Plaintiff's medical bills to causes other than the first accident.

Finally, Plaintiff's chiropractor admitted to keeping two separate files for Plaintiff based on each accident. He apparently billed Plaintiff's insurance company separately for treatments she received after the subsequent accident. The attribution of at least some of Plaintiff's medical costs to the second accident is supported by the examination report he completed a week after the second accident, which described that accident as follows:

> Mrs. Sloan . . . stated the impact was severe, she was jolted back and forth in her car "pretty hard" and she felt immediate pain in her lower back, neck and head. . . . [After treatment at the hospital, she was] released with prescription medications. Since the day of the accident she has been taking valium and hydrocodone for pain management.

With respect to that same chiropractic visit, Plaintiff's case/patient history form stated her reason for treatment arose solely from the second accident. She reported her "present illness" as being the second motor vehicle accident—"MVA on 12/27/13." She also listed the date her symptoms appeared as being the date of the second accident; that she'd first noticed her major symptom ("predominantly lower back pain with neck pain") on the date of the second accident; and that her major

5

symptom "originally occurred" on the date of the second accident. Here again, the jury had a basis for apportioning at least some of Plaintiff's chiropractic expenses to the second motor vehicle accident, and not Defendant.

Because evidence from conflicting witness testimony existed upon which the jury could have attributed at least some of Plaintiff's past medical expenses to the second car accident, the trial court incorrectly directed a verdict. We thus reverse the final judgment so that a jury can resolve conflicts in the evidence and decide the distribution of damages issue. See Van v. Schmidt, 122 So. 3d 243, 259 (Fla. 2013) (recognizing that a jury may reject any testimony, including testimony of experts). Because Plaintiff argued to the jury that her future medical expenses and pain and suffering expenses should all be attributed to the first accident based upon the court's directed verdict, the amount of these damages must also be reconsidered by the jury at the new trial. See Special v. W. Boca Med. Ctr., 160 So. 3d 1251, 1256-57 (Fla. 2014) (unless the benefitted party proves no reasonable possibility that the error contributed to the verdict, the error must be considered harmful).

## III.

We REVERSE the final judgment and REMAND for a new trial on damages.

B.L. THOMAS, OSTERHAUS, and BILBREY, JJ., CONCUR.