635 So.2d 142 (1994)
SEMINOLE GULF RAILWAY, LIMITED PARTNERSHIP, Appellant/Cross-Appellee,
v.
Bernard FASSNACHT and Ione Fassnacht, his wife, Appellees/Cross-Appellants.
No. 93-01579.
District Court of Appeal of Florida, Second District.
April 15, 1994.
*143 Daniel J. Fleming of Melkus & Fleming, Tampa, for appellant/cross-appellee.
Henry E. Valenzuela of Yerrid, Knopik & Valenzuela, Tampa, for appellees/cross-appellants.
DANAHY, Acting Chief Judge.
This appeal and cross-appeal stem from an accident with injuries involving the plaintiffs, Mr. and Mrs. Fassnacht, whose car collided with a train owned by the defendant, Seminole Gulf Railway, Limited Partnership [Seminole]. Seminole appeals the trial court's refusal to enter judgment in favor of Mrs. Fassnacht in accord with section 768.81, Florida Statutes (1989). The Fassnachts cross-appeal the trial court's denial of their motion for additur or, in the alternative, for new trial on damages only. We reverse on the direct appeal and affirm on the cross-appeal.
The Fassnachts, a retired couple, suffered injuries on March 27, 1990, when their auto, driven by Mr. Fassnacht, collided with Seminole's train. They filed this negligence suit against Seminole. At trial they presented evidence of their injuries through their own testimony and the testimony of medical experts. On cross-examination testimony was presented of preexisting medical problems. For example, Mrs. Fassnacht's general practitioner described her condition since the stroke she suffered in 1985 as well as other, pre-accident, complaints. The jury verdict form only asked the jury to consider the liability of Seminole, the comparative liability of Mr. Fassnacht, and the amount of noneconomic damages,[1] if any. The jury found Seminole and Mr. Fassnacht each fifty percent negligent and awarded Mr. and Mrs. Fassnacht each $35,000 for past and future noneconomic damages.
The Fassnachts unsuccessfully filed a motion for additur[2] or in the alternative a new trial on damages only because they believed the damages awarded by the jury were patently inadequate. It is from the denial of this motion that they filed their cross-appeal. After carefully reviewing the record before us, we agree with the trial judge that the award is not patently inadequate. There is evidence from which the *144 jury could infer that the complaints the Fassnachts experienced were not entirely related to this accident or that the damages were less extensive than the Fassnachts believed. We find no abuse of discretion in the trial court's denial of their motion and thus affirm the cross-appeal.
Pursuant to section 768.81(3), Florida Statutes (1989),[3] Seminole moved to have Mrs. Fassnacht's award reduced by Mr. Fassnacht's percentage of comparative fault. See Messmer v. Teacher's Ins. Co., 588 So.2d 610 (Fla. 5th DCA 1991), review denied, 598 So.2d 77 (Fla. 1992). At the time of the hearing on this motion there was a conflict between the district courts of appeal in construing this statute. Compare Fabre v. Marin, 597 So.2d 883 (Fla. 3d DCA 1992), with Messmer. The Florida Supreme Court has now resolved this conflict in favor of the construction unsuccessfully urged by Seminole to the trial judge. Fabre v. Marin, 623 So.2d 1182 (Fla. 1993) (for noneconomic damages, defendant's liability to be determined on basis of that defendant's percentage of fault) quashing 597 So.2d 883 (Fla. 3d DCA 1992). There is no material factual distinction between this case and Fabre v. Marin. Thus, the trial judge erred in denying Seminole's motion to reduce Mrs. Fassnacht's award to the proportion represented by Seminole's percentage of fault.
In summary, we affirm the denial of the motion for additur or new trial but reverse the award of unreduced damages to Mrs. Fassnacht and remand for correction of the judgment to conform to the supreme court's opinion in Fabre v. Marin.
LAZZARA, J., concurs.
ALTENBERND, J., concurs in part and dissents in part.
ALTENBERND, Judge, concurring in part and dissenting in part.
I would affirm the judgment of the trial court in its entirety. While the verdict was far from generous, I agree with the majority that it was within the minimum legal range in which the jury was free to operate. See Bould v. Touchette, 349 So.2d 1181 (Fla. 1977). The trial court did not abuse its discretion in denying the motion for additur.
Although Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), does support the relief granted by the majority in this case, I do not believe the issue was adequately preserved by the defendant in the trial court. The record does not reflect that the defendant asked for relief under section 768.81 until after the jury returned its verdict. In my opinion, a defendant should raise section 768.81 as an affirmative defense, just as defendants have always raised contributory or comparative negligence. A defendant should request jury instructions on this issue similar to the standard instructions for comparative negligence. See Fla. Std. Jury Instruction 6.1(c). If a defendant wants the benefit of section 768.81, the jury should be told about the effect that statute will have on its verdict, just as it is told about the effect of traditional comparative negligence.
In this case, the jury awarded Mrs. Fassnacht a total of $35,000. All of her economic losses were protected by collateral sources. Accordingly, the majority's opinion will cause *145 her to receive a net recovery of $17,500.[4] Section 768.81 does not apply to cases in which the damages are $25,000 or less. Thus, Mrs. Fassnacht will receive an award substantially less than $25,000 because the jury decided to award more than that amount. This result may seem logical and fair to the legislature, but I doubt it is the result that most jurors would anticipate. In assessing damages, a jury should have a general understanding of the overall ramifications of its verdict. This jury had no reason to anticipate that Mrs. Fassnacht's award would be 50% of what they actually awarded.
If the defendant had requested the appropriate jury instructions and the plaintiffs had convinced the trial court not to use those instructions, I would probably agree that the majority's result was correct. But I see no reason to give the defendant the benefit of jury instructions that it never requested. Cf. W.R. Grace & Co.-Conn. v. Dougherty, 636 So.2d 746 (Fla. 2d DCA 1994) (holding trial court did not err in refusing to give instruction and verdict form under section 768.81 where defendant failed to present sufficient evidence to support this defense).
NOTES
[1] These noneconomic damages were described as: "damages sustained ... for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience and loss of capacity for the enjoyment of life[.]"
[2] § 768.043, Fla. Stat. (1989); § 768.74, Fla. Stat. (1989).
[3] Comparative fault. 
... .
(2) EFFECT OF CONTRIBUTORY FAULT.  In an action to which this section applies, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as economic and noneconomic damages for an injury attributable to the claimant's contributory fault, but does not bar recovery.
(3) APPORTIONMENT OF DAMAGES.  In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability; provided that with respect to any party whose percentage of fault equals or exceeds that of a particular claimant, the court shall enter judgment with respect to economic damages against that party on the basis of the doctrine of joint and several liability.
... .
(5) APPLICABILITY OF JOINT AND SEVERAL LIABILITY.  Notwithstanding the provisions of this section, the doctrine of joint and several liability applies to all actions in which the total amount of damages does not exceed $25,000.
[4] In theory she could sue her husband for the additional damages, but it is doubtful that he would have insurance coverage for this interspousal claim. Moreover, the statute of limitations ran on this claim on March 27, 1994.