WELLS, Justice.
The Florida Supreme Court Committee on Standard Jury Instructions in Civil Cases (the Committee) recommends that The Florida Bar be authorized to publish revisions and additions to the following Florida Standard Jury Instructions (Civil): (1) 3.8, Defense Issues; and (2) 6.1, Personal Injury and Property Damages: Introduction.”
These changes are appended to this opinion and were published on November 15, 1997, in The Florida Bar News. New language is indicated by underscoring; deletions are indicated by strike-through type.
The Committee specifically sought input from the Florida Defense Lawyers’ Association and from the Academy of Florida Trial Lawyers. One comment was received by the Committee from The Florida Defense Lawyers’ Association, and after that comment was considered by the Committee, the Association was advised that the Committee would submit the instruction to the Court as drafted with a change in a note on use.
These instructions received approval by the Committee after consideration at meetings and comprehensive review of applicable decisions and numerous revisions.
We authorize the publication of the appended revisions. In doing so we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting their legal correctness. The revised instructions will be effective on the date this opinion is filed.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, ANSTEAD and PARIENTE, JJ„ concur.
APPENDIX
3.8
DEFENSE ISSUES
If, however, the greater weight of the evidence does support the claim of (claimant), then you shall consider the defense[s] raised by (defendant).
*175 On the [first]* defense, the issues for your determination are:

*The order in which the defenses are listed below is not necessarily the order in which the instructions should be given.

EXAMPLES OF CQNmi-B-U-TQBY COMPARATIVE NEGLIGENCE ISSUES:

a. Contributory Comparative negligence generally:

whether (claimant or person for whose injury or death claim is made) was [himself] [herself] negligent and, if so, whether such negligence was a contributing legal cause of the injury or damage complained of.

b. Driver’s contributory comparative negligence (when owner sues third party):

*The phrase within brackets should be used only if there is an issue as to the owner’s knowledge and consent.

Whether (driver), while operating a vehicle owned by (elaimant)*[with [his] [her] consent, express or implied,] was [himself][herself] negligent in the operation of the vehicle and, if so, whether such negligence was a contributing legal cause of the injury or damage complained of.
c. Joint enterprise (driver’s negligence):
whether (driver) was operating the automobile at the time and place of the [collision] [incident complained of] to further the purposes of a joint enterprise in which [he] [she] was engaged with (claimant passenger); if so, whether (driver) was negligent in the operation of the automobile; and, if so, whether such negligence was a contributing legal cause of the [loss] [injury] [or] [damage] complained of. A joint enterprise exists when two or more persons agree, expressly or impliedly, to engage in an activity in which they have a common interest in the purposes to be accomplished and equal rights to control and manage the operation of an automobile in pursuance of the enterprise. Each member of a joint enterprise is responsible for the negligence of another member in the operation of the automobile if such negligence occurs while [he] [she] is acting under the agreement and to further the purposes of the joint enterprise.

d. Contributory Comparative negligence of father predicated on mother’s negligence (claim for death of child):

whether (mother) was negligent in caring for and supervising the child, (name); if so, whether such negligence was a contributing legal cause of the death of (child); and, if so, whether (father), in the exercise of reasonable care, should have anticipated such negligence on the part of (mother).

e. Contributory Comparative negligence of custodian of child other than mother:

whether, before the incident complained of, (claimant) placed (child) in the care and custody of (custodian); if so, whether (custodian) was negligent in caring for and supervising the child, (name); and, if so, whether such negligence was a contributing legal cause of the [injury] [and] [death] of (child).

Comment on S.8e

Wynne v. Adside, 168 So.2d 760 (1st DCA Fla. 1964). See also Winner v. Sharp, 43 So.2d 634 (Fla.1950).

f. Apportionment of fault:

whether (identify additional person(s) or entit(y) (ies)) [was] [were] also [negligent] [(specify other type of conduct)]; and, if so, whether such [negligence] [fault] [responsibility] was a contributing legal cause of the [loss] [injury] [or] [damage] complained of.

Comment on 3.8f

1. See § 768.81, Florida Statutes (1993); Fabre v. Marin, 623 So.2d 1182 (Fla.1993).
2. In most cases, use of the term “negligence” will be appropriate. If another type of fault is at issue, it may be necessary to modify the instruction and the verdict form accordingly. In strict liability cases, the term “responsibility” may be the most appropriate descriptive term.
*176 3, — Pending further developments in the law, ■the committee-reserves-the- question of whether intentional acts- are an appropriate subject of this instruction. See § 768.81(4), Florida Statutes (1993).

g. Statute of limitations medical malpractice:

whether (claimant)* knew, or by the use of reasonable care should have known, before (date) that [he] [she] [(person for whose injury the claim is made)] had been injured or damaged and that there was a reasonable possibility that the injury or damage was caused by medical negligence.

*In some cases, it may be necessary to insert the name of a person other than the claimant. The Committee expresses no opinion as to whose knowledge may trigger the Statute of Limitations. See, e.g., Stone v. Rosenthal, 665 So.2d 276 (Fla. 4th DCA 1995); Arthur v. Unicare Health Facilities, Inc., 602 So.2d 596 (Fla. 2nd DCA 1992).

If the greater weight of the evidence supports the defense of (defendant) on this issue, the plaintiff’s claim is time barred and your verdict is for the defendant. If, however, the greater weight of the evidence does not support the defense of (defendant) on this issue [you shall consider the following additional defenses] [your verdict should be for (claimant) in the full amount of [his] [her] damages.]

Note on Use on 3.8g

1. When the statute of limitations is asserted as a defense, it should ordinarily be the first defense.
2. The date inserted in the instruction will ordinarily be two years before the date on which either the notice of intent was served or the petition to extend the statute of limitations was filed. Fla. Stat. § 95.11(4)(b); Fla. Stat. § 766.106; Fla. Stat. § 766.104(2).

Comment on 3.8g

This instruction is intended for use only in medical negligence cases. See Tanner v. Hartog, 618 So.2d 177 (Fla.1993); Fla. Stat. § 95.11(4)(b).
†ASSUMPTION OF RISK ISSUES:
On the [second] defense, the issues for your determination are whether (claimant) knew of the existence of the danger complained of; realized and appreciated the possibility of injury as a result of such danger; and, having a reasonable opportunity to avoid it, voluntarily and deliberately exposed [himself] [herself] to the danger complained of.
GREATER WEIGHT OF EVIDENCE AND BURDEN
OF PROOF ON DEFENSE ISSUES:
If the greater weight of the evidence does not support the defense[s] of (defendant)^) and the greater weight of the evidence does support the claim of (claimant), then [your verdict should be for (claimant) in the total amount of [his] [her] damages] *[you should determine and write on the verdict form what percentage of the total negligence of [both] [all] defendants is chargeable to each].

*Use second bracketed alternative above when there is more than one defendant.

If, however, the greater weight of the evidence shows that both (claimant) and [defendant] [one or more of the defendants] were negligent and that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should determine and write on the verdict form what percentage of the total negligence of [both] [all] parties to this action is chargeable to each.
NOTE ON USE
1. Preemptive charges on defense issues. If a preemptive charge for claimant is appropriate on a defense issue, as when contributory comparative negligence or assumption of risk has been brought to the jury’s attention on voir dire or by opening statements or argument and is now to be withdrawn, a charge in the form suggested in 3.1 should be given immediately following 3.7. If a preemptive charge for defendant is required on some aspect of a defense, as when the court holds that any contributory comparative negligence of the driver (3.86) will reduce claimant’s recovery, a preemptive charge announcing *177 the ruling should be given immediately after framing the defense issues (3.86).
COMMENT
†1. Assumption of risk. Blackburn v. Dorta, 348 So.2d 287 (Fla.1977) abolishes the defense of assumption of risk except in cases identified by the opinion.
2. Special verdicts and special interrogatories. Special verdicts are required in all jury trials involving comparative negligence. Lawrence v. Florida East Coast Railway Company, 346 So.2d 1012 (Fla.1977). Special care should be taken to ensure that there are no conflicts between the instructions given and the special verdicts submitted to the jury.
3. While failure of the user to discover a product defect or to guard against the possibility of its existence is not a defense to a strict products liability action, West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla.1976), such conduct may constitute a defense in a negligence action.
6.1
PERSONAL INJURY AND PROPERTY DAMAGES:
INTRODUCTION

a. When directed verdict is given on liability (3.Id):

You should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him] [her] for such [loss] [injury] [or] [damage], including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future. You shall consider the following elements:

Enumerate appropriate elements (6.2).

b. When there is no issue of contributory comparative negligence:

If you find for defendants] you will not consider the matter of damages. But, if you find for (claimant) you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him] [her] for such [loss] [injury] [or] [damage], including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future. You shall consider the following elements:

Enumerate appropriate elements (6.2)

(1) When a Fabre issue is not involved
*[In entering a judgment for damages based on your verdict against [either] [any] defendant, the court will take into account the percentage of that defendant’s [negligence] [fault] [responsibility] as compared to the total [negligence ][fault] [responsibility] of all parties to this action.]

*Use the bracketed additional charge only when there are two or more defendants; the reference to -fault” “responsibility” in this additional charge is designed for use in product strict liability cases.

(2) When a Fabre issue is involved
In determining the total amount of damages, you should not make any reduction because of the [negligence] [fault] [responsibility], if any, of (identify defendant and any additional person or entity who will be on verdict form). The court in entering judgment will take into account your allocation of [negligence] [fault] [responsibility] among all persons [or entities] who you find contributed to (claimant’s) damages.
NOTE ON USE FOR 6.1b
Where the jury is instructed to apportion fault and a “Fabre” issue is involved, see Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993) and Nash v. Wells Fargo Services, 678 So.2d 1262 (Fla. 1996), 6.1b(2) may be used to alert the jury to the appropriate procedure, so the jury does not make inappropriate adjustments to its verdict. There is support for giving a special instruction explaining to the jury the impact and effect of a section 768.81 apportionment of liability in such cases. See Seminole Gulf Railway, Ltd. Partnership v. Fassnacht, 635 So.2d 142, 144 (Fla. 2d DCA 1994) (Altenbernd, J„ concurring in part and dissenting in part) and Slawson v. Fast Food Enterprises, 671 So.2d 255, 260 (Fla. 4th DCA), rev, dismissed, 679 So.2d 773 (Fla. *178 1996). Pending further development in the law, the Committee takes no position on this issue.
c. When there is an issue of eowtñb-ut&ry comparative negligence:
If your verdict is for (defendant)(s), you will not consider the matter of damages. But if you find for (claimant), you should determine and write on the verdict form, in dollars, the total amount of [loss] [injury] [or] [damage] which the greater weight of the evidence shows [he] [she] sustained as a result of the incident complained of, including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future. You shall consider the following elements.

Enumerate appropriate elements (6.2) Give 6.9 (mortality tables),

6.10 (reduction to present value) and

6.13 (collateral source), if applicable.

(1) When a Fabre issue is not involved
In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of (claimant). The court. will enter a judgment based on your verdict and, if you find that (claimant) was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find is chargeable to (claimant).
*[The court will also take into account, in entering judgment against any defendant whom you find to have been at-fault [negligent] [responsible], the percentage of that defendant’s [negligence] [fault] [responsibility] compared to the total [negligence] [fault] [responsibility] of all the parties to this action.]

*Use the bracketed paragraph above only when there is more than one defendant;_ the reference to “responsibility” in this additional charge is designed for use in strict liability cases.

(2) When a Fabre issue is involved
In determining the total amount of damages, you should not make any reduction because of the [negligence], if any, of (claimant) or because of the [negligence] [fault] [responsibility] of (identify defendant and additional person or entity who will be on verdict form). The court in entering judgment will take into account your allocation of [negligence] [fault] [responsibility] among all persons [or entities] who you find contributed to (claimant’s) damages.
NOTE ON USE FOR 6.1c
Where the jury is instructed to apportion fault and a “Fabre” issue is involved, see Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993) and Nash v. Wells Fargo Services, 678 So.2d 1262 (Fla. 1996), 6.1c(2) may be used to alert the jury to the appropriate procedure, so the jury does not make inappropriate adjustments to its verdict. There is support for giving a special instruction explaining to the jury the impact and effect of a section 768.81 apportionment of liability in such cases. See Seminole Gulf Railway, Ltd. Partnership v. Fassnacht, 635 So.2d 142, 144 (Fla. 2d DCA 1994) (Altenbernd, J., concurring in part and dissenting in part) and Slawson v. Fast Food Enterprises, 671 So.2d 255, 260 (Fla. 4th DCA), rev, dismissed, 679 So.2d 773 (Fla. 1996), Pending further development in the law, the Committee takes no position on this issue.

d. Motor vehicle no fault threshold instruction:

If you find for the (defendant)(s), you will not consider the matter of damages. However, if you find for (claimant), you shall next determine the issue of permanency, that is, whether (claimant) sustained an [injury] [or] [disease] as a result of the incident complained of which consists in whole or in part of:
[(1) significant and permanent loss of an important bodily function;] [or]
[(2) significant and permanent scarring or disfigurement;] [or]
*179 [(3) a permanent injury within a reasonable degree of medical probability, other than scarring and disfigurement].
If the greater weight of the evidence does not support the claim of (claimant) on the issue of permanency, you should [award to claimant an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (claimant) for damages caused by the incident in question] [see Note on use 3]. You shall consider the following elements of damage:

Note: here enumerate those damages recoverable in the absence of a finding of ;permanency.

[and which have not been paid and are not payable by personal injury protection benefits].
However, if the greater weight of the evidence does support the claim of (claimant) on the issue of permanency, then you should also consider the following elements:

Note: enumerate those damages in S.J.I. 6.2 as applicable. If there is an issue of comparative negligence, refer to 6.1(c) for additional language and instructions.

NOTES ON USE
1. Use the appropriate bracketed numbered provision applicable to the evidence adduced in the case.
2. Use of the threshold instruction will in most cases require the use of an interrogatory verdict form.
3. If there is proof that a claimant will incur future damages that are not excluded from recovery by section 627.737, Florida Statutes (1991), such as where claimant at trial is not at maximum medical improvement and will have a limited period of future lost income or medical expenses, it will be necessary to add the following language after the word “question”: “including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future.”

Comments

1. See section 627.737(2), Florida Statutes (1991).
2. The committee has placed the threshold instruction after instructions on negligence because the statute sets a threshold to the recovery of noneconomic damages only. If claimant does not establish permanency, claimant may still be entitled to recover economic damages that exceed personal injury protection benefits. See § 627.737(2), Fla. Stat. (1991); Auto-Owners Ins. Co. v. Tompkins, 651 So.2d 89 (Fla. 1995). Therefore, negligence will still be an issue for the jury to decide where there are recoverable economic damages even in cases where no permanency is found. If, however, there are no recoverable damages or such damages are not submitted to the jury, then the court may wish to modify the instruction. For example, the court may instruct the jury: “If the greater weight of the evidence does not support the claim on the issue of permanency, then your verdict should be for the defendant.”
3. Section 627.737(2), Florida Statutes (1991), does not define “permanent injury within a reasonable degree of medical probability” that is established by expert testimony. Morey v. Harper, 541 So.2d 1285 (Fla. 1st DCA), review denied, 551 So.2d 461 (Fla. 1989); Fay v. Mincey, 454 So.2d 587 (Fla. 2d DCA 1984); Horowitz v. American Motorist Ins. Co., 343 So.2d 1305 (Fla. 2d DCA 1977); see Bohannon v. Thomas, 592 So.2d 1246 (Fla. 4th DCA 1992). Therefore, the instructions do not attempt to define the terms and leave their explanation to the testimony of the experts and argument of counsel. See Rivero v. Mansfield, 584 So.2d 1012 (Fla. 3d DCA 1991), quashed in part, approved in part, 620 So.2d 987 (Fla. 1993); see contra Philon v. Reid, 602 So.2d 648 (Fla. 2d DCA 1992), review granted, 614 So.2d 503 (Fla. 1993); case dismissed, 620 So.2d 762 (Fla. 1993).