825 So.2d 277 (2002)
STANDARD JURY INSTRUCTIONS-CIVIL CASES (NOS. 01-1 & 01-2).
Nos. SC01-1205, SC01-2854.
Supreme Court of Florida.
June 6, 2002.
Sylvia Walbolt, Chair, Supreme Court Committee on Standard Jury Instructions (Civil), St. Petersburg, FL, for Petitioner.
Howard W. Weber, Tampa, FL, Commenting.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Civil Cases filed a report asking this Court to amend the Florida Standard Jury Instructions in Civil Cases. The committee subsequently submitted a supplemental report proposing further amendments to the standard jury instructions. This supplemental report was assigned a separate case number. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Civ. P. 1.985. For purposes of efficiency, on our own motion we consolidate these two cases.
The committee published its proposed amendments for comment in The Florida Bar News. A number of comments to the proposals were filed. Upon consideration of the committee's reports and the comments received, we hereby authorize for publication and use the proposed amendments as set forth in the appendix attached to this opinion.
In authorizing publication, we caution all interested persons that the notes and comments reflect only the opinion of the committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. We express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these instructions. The amendments shall be effective when this opinion becomes final. New language is indicated by underlining and deletions are indicated by struck-through type. We wish to express our appreciation to the committee for its dedication in presenting to the Court its recommendations.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.

APPENDIX

6.1

PERSONAL INJURY AND PROPERTY DAMAGES:

INTRODUCTION

a. When directed verdict is given on liability (3.1d):
You should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him][her] for such [loss] [injury] [or] [damage], including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future. You shall consider the following elements:

Enumerate appropriate elements (6.2).

b. When there is no issue of comparative negligence:
If you find for defendant[s] you will not consider the matter of damages. But, if you find for (claimant) you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him][her] for such [loss] [injury] *278 [or] [damage], including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future. You shall consider the following elements:

Enumerate appropriate elements (6.2)

(1) When a Fabre issue is not involved
*[In entering a judgment for damages based on your verdict against [either] [any] defendant, the court will take into account the percentage of that defendant's [negligence] [responsibility] as compared to the total [negligence] [responsibility] of all parties to this action.]
*Use the bracketed additional charge only when there are two or more defendants; the reference to "responsibility" in this additional charge is designed for use in strict liability cases.

(2) When a Fabre issue is involved
In determining the total amount of damages, you should not make any reduction because of the [negligence] [fault] [responsibility], if any, of (identify defendant and any additional person or entity who will be on verdict form). The court in entering judgment will take into account your allocation of [negligence] [fault] [responsibility] among all persons [or entities] who you find contributed to (claimant's) damages.

NOTE ON USE FOR 6.1b
Where the jury is instructed to apportion fault and a "Fabre" issue is involved, see Fabre v. Marin, 623 So.2d 1182 (Fla. 1993) and Nash v. Wells Fargo Services, 678 So.2d 1262 (Fla.1996), 6.1b(2) may be used to alert the jury to the appropriate procedure, so the jury does not make inappropriate adjustments to its verdict. There is support for giving a special instruction explaining to the jury the impact and effect of a section 768.81 apportionment of liability in such cases. See Seminole Gulf Railway, Ltd. Partnership v. Fassnacht, 635 So.2d 142, 144 (Fla. 2d DCA 1994) (Altenbernd, J., concurring in part and dissenting in part) and Slawson v. Fast Food Enterprises, 671 So.2d 255, 260 (Fla. 4th DCA), rev. dismissed, 679 So.2d 773 (Fla.1996). Pending further development in the law, the Committee takes no position on this issue.

c. When there is an issue of comparative negligence:
If your verdict is for (defendant(s), you will not consider the matter of damages. But if you find for (claimant), you should determine and write on the verdict form, in dollars, the total amount of [loss] [injury] [or] [damage] which the greater weight of the evidence shows [he][she] sustained as a result of the incident complained of, including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future. You shall consider the following elements.

Enumerate appropriate elements (6.2) Give 6.9 (mortality tables), 6.10 (reduction to present value) and 6.13 (collateral source), if applicable.

(1) When a Fabre issue is not involved

In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of (claimant). The court will enter a judgment based on your verdict and, if you find that (claimant) was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find is chargeable to (claimant).
*[The court will also take into account, in entering judgment against any *279 defendant whom you find to have been [negligent] [responsible], the percentage of that defendant's [negligence] [responsibility] compared to the total [negligence] [responsibility] of all the parties to this action.]
*Use the bracketed paragraph above only when there is more than one defendant; the reference to "responsibility" in this additional charge is designed for use in strict liability cases.

(2) When a Fabre issue is involved

In determining the total amount of damages, you should not make any reduction because of the [negligence], if any, of (claimant) or because of the [negligence] [fault] [responsibility] of (identify defendant and additional person or entity who will be on verdict form). The court in entering judgment will take into account your allocation of [negligence] [fault] [responsibility] among all persons [or entities] who you find contributed to (claimant's) damages.

NOTE ON USE FOR 6.1c
Where the jury is instructed to apportion fault and a "Fabre" issue is involved, see Fabre v. Marin, 623 So.2d 1182 (Fla. 1993) and Nash v. Wells Fargo Services, 678 So.2d 1262 (Fla.1996), 6.1c(2) may be used to alert the jury to the appropriate procedure, so the jury does not make inappropriate adjustments to its verdict. There is support for giving a special instruction explaining to the jury the impact and effect of a section 768.81 apportionment of liability in such cases. See Seminole Gulf Railway, Ltd. Partnership v. Fassnacht, 635 So.2d 142, 144 (Fla. 2d DCA 1994) (Altenbernd, J., concurring in part and dissenting in part) and Slawson v. Fast Food Enterprises, 671 So.2d 255, 260 (Fla. 4th DCA), rev. dismissed, 679 So.2d 773 (Fla.1996). Pending further development in the law, the Committee takes no position on this issue.

d. Motor vehicle no fault threshold instruction:
If you find for the (defendant)(s), you will not consider the matter of damages. However, if you find for (claimant), you shall next determine the issue of permanency, that is, whether (claimant) sustained an [injury] [or] [disease] as a result of the incident complained of which consists in whole or in part of:
[(1) significant and permanent loss of an important bodily function;] [or]
[(2) significant and permanent scarring or disfigurement;] [or]
[(3) a permanent injury within a reasonable degree of medical probability, other than scarring and disfigurement].
If the greater weight of the evidence does not support the claim of (claimant) on the issue of permanency, you should [award to claimant an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (claimant) for damages caused by the incident in question] [see Note on use 3]. You shall consider the following elements of damage:
Note: here enumerate those damages recoverable in the absence of a finding of permanency.
[and which have not been paid and are not payable by personal injury protection benefits].
However, if the greater weight of the evidence does support the claim of (claimant) on the issue of permanency, then you should also consider the following elements:

Note: enumerate those damages in S.J.I. 6.2 as applicable. If there is an issue of comparative negligence, refer to *280 6.1(c) for additional language and instructions.

NOTES ON USE
1. Use the appropriate bracketed numbered provision applicable to the evidence adduced in the case.
2. Use of the threshold instruction will in most cases require the use of an interrogatory verdict form.
3. If there is proof that a claimant will incur future damages that are not excluded from recovery by section 627.737, Florida Statutes (1991), such as where claimant at trial is not at maximum medical improvement and will have a limited period of future lost income or medical expenses, it will be necessary to add the following language after the word "question": "including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future."

Comments
1. See section 627.737(2), Florida Statutes (1991).
2. The committee has placed the threshold instruction after instructions on negligence because the statute sets a threshold to the recovery of noneconomic damages only. If claimant does not establish permanency, claimant may still be entitled to recover economic damages that exceed personal injury protection benefits. See § 627.737(2), Fla. Stat. (1991); Auto-Owners Ins. Co. v. Tompkins, 651 So.2d 89 (Fla.1995). Therefore, negligence will still be an issue for the jury to decide where there are recoverable economic damages even in cases where no permanency is found. If, however, there are no recoverable damages or such damages are not submitted to the jury, then the court may wish to modify the instruction. For example, the court may instruct the jury: "If the greater weight of the evidence does not support the claim on the issue of permanency, then your verdict should be for the defendant."
3. Section 627.737(2), Florida Statutes (1991), does not define "permanent injury within a reasonable degree of medical probability" that is established by expert testimony. Morey v. Harper, 541 So.2d 1285 (Fla. 1st DCA), review denied, 551 So.2d 461 (Fla.1989); Fay v. Mincey, 454 So.2d 587 (Fla. 2d DCA 1984); Horowitz v. American Motorist Ins. Co., 343 So.2d 1305 (Fla. 2d DCA 1977); see Bohannon v. Thomas, 592 So.2d 1246 (Fla. 4th DCA 1992). Therefore, the instructions do not attempt to define the terms and leave their explanation to the testimony of the experts and argument of counsel. See Rivero v. Mansfield, 584 So.2d 1012 (Fla. 3d DCA 1991), quashed in part, approved in part, 620 So.2d 987 (Fla.1993); see contra Philon v. Reid, 602 So.2d 648 (Fla. 2d DCA 1992), review granted, 614 So.2d 503 (Fla. 1993); case dismissed, 620 So.2d 762 (Fla. 1993).

e. Unmarried dependent's claim under Fla. Stat. § 768.0415:
If you find for the (defendant)(s), you will not consider the claim of (unmarried dependent). However, if you find for (claimant parent), you shall next consider the claim of (unmarried dependent). The issue for your determination on this claim is whether the injury sustained by (claimant parent) was a significant permanent injury resulting in a permanent total disability.
If the greater weight of the evidence does not support the claim of (unmarried dependent), then your verdict should be for (defendant)(s) on that claim. However, if the greater weight of the evidence does support the claim of (unmarried dependent), then you should award to (unmarried dependent) an amount of *281 money which the greater weight of the evidence shows will fairly and adequately compensate (unmarried dependent) for damages caused to [him][her] by the incident in question. You shall consider the following elements of damage:

NOTE ON USE ON 6.1e
This instruction is intended for use with instruction 6.2f.
If issues arise as to the child's marital status, parentage or dependency, this instruction should be modified.

Comments on 6.1e
1. Fla. Stat. § 768.0415 does not define "significant permanent injury," "dependent" or "permanent total disability." Therefore, the instructions do not attempt to define the terms.
2. Fla. Stat. § 768.0415 refers only to "negligence." The committee takes no position as to whether the statute is limited to negligence cases or the definition of "negligence" in this statutory context. For example, see Fla. Stat. § 768.81(4)(a), defining "negligence cases."

6.2

PERSONAL INJURY AND PROPERTY DAMAGES: ELEMENTS

a. Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life:
Any bodily injury sustained by (name) and any resulting pain and suffering [, disability or physical impairment] [, disfigurement] [, mental anguish] [, inconvenience] [loss of capacity for the enjoyment of life] experienced in the past [or to be experienced in the future]. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

b. Aggravation or activation of disease or defect:
Any aggravation of an existing disease or physical defect [or activation of any such latent condition], resulting from such injury. If you find that there was such an aggravation, you should determine, if you can, what portion of (claimant's) condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make the determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

Comment on 6.2b
Adapted from C.F. Hamblen, Inc. v. Owens, 127 Fla. 91, 172 So. 694 (1937).

c.b. Medical expenses:

care and treatment of claimant [or claimant's wife]: (Formerly 6.2c)
The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) [for his wife] in the past [or to be so obtained in the future].
care and treatment of minor claimant after reaching majority:
The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably to be obtained by (minor claimant) after he reaches the age of (legal age).

d.c. Lost earnings, lost time, lost earning capacity:

when lost earnings or lost working time shown: (Formerly 6.2d)

*282 [Any earnings] [Any working time] lost in the past [and any loss of ability to earn money in the future].
when earnings or lost working time not shown:
Any loss of ability to earn money sustained in the past [and any such loss in the future].

e.d. Spouse's loss of consortium and services: (Formerly 6.2e)
On the claim brought by (spouse), you should award (spouse) an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (spouse) for damages caused by the incident in question. You shall consider the following elements of damage:
Any loss by reason of [his wife's] [her husband's] injury, of [his][her] services, comfort, society and attentions in the past [and in the future].

f.e. Parental loss of filial consortium; care and treatment of claimant's minor child; child's services, earnings, earning capacity; loss of filial consortium as a result of significant injury resulting in child's permanent disability: (Formerly 6.2f)
On the claim[s] of (parent(s)), you should award (parent(s)) an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (parent(s)) for damages caused by the incident in question. You shall consider the following element[s] of damage:
The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (parent(s)) for [his][her] [their] child, (name), in the past [or to be so obtained in the future until (name) reaches the age of (legal age) ].
[Any loss by (parent(s)) by reason of [his][her] [their] child's injury, of the [services] [earnings] [or] [earning ability] of [his][her] [their] child in the past [and in the future until the child reaches the age of (legal age) ].]
[Any economic loss sustained by (parent(s) [including] [any earnings lost in the past][and] [any loss of ability to earn money in the future] reasonably resulting from the need to care or provide for the child because of the child's injury [until (name) reaches the age of (legal age) ].]

Use the following paragraphs when there is a claim for loss of filial consortium as a result of significant injury resulting in the child's permanent total disability. See United States v. Dempsey, 635 So.2d 961 (Fla.1994):

In addition, if you find by the greater weight of the evidence that (claimant child) sustained a significant injury resulting in (claimant child's) permanent total disability, you shall consider the following element of damage:
Any loss by (parent(s)), by reason of that injury, of the child's companionship, society, love, affection, and solace in the past [and in the future until the child reaches the age of (legal age) ].
If the greater weight of the evidence does not support the claim of (parent(s)) that the child sustained a significant injury resulting in permanent total disability, your verdict should be for (defendant(s)) on this element of damage.

COMMENTS ON 6.2fe

1. The committee believes that United States v. Dempsey, 635 So.2d 961 (Fla. 1994), which recognizes a parental right of recovery for loss of filial consortium, does not eliminate the common law right to *283 recover for loss of the child's services or earnings. The common law also allows recovery for a parent's loss of earnings or other economic loss reasonably resulting from the need to care for an injured child. Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225 (1926).
2. This instruction does not address the issue of a child with extraordinary income-producing abilities prior to the injury. See United States v. Dempsey, 635 So.2d at 965.
3. Pending further developments in the law, the committee takes no position on whether the recovery for loss of filial consortium extends beyond the child's age of majority.
4.3. A loss of filial consortium claim may require separate interrogatories on the verdict form on the issues of whether the child sustained a significant injury resulting in permanent total disability, and the amount of damages on such a claim.

h.f. Unmarried dependent's damages under Fla. Stat. § 768.0415: (Formerly 6.2h)
Any loss by reason of (claimant parent's) injury of (claimant parent's) services, comfort, companionship and society in the past and in the future.

Comment on 6.2hf

1. Pending further development of the law, the committee takes no position as to whether there may be elements of damage not specifically enumerated in the statute.
2. The duration of future damages for which the child may recover is unclear. Pending further development of the law, the committee takes no position as to whether the statute limits recovery of future damages to the life of the parent or the duration of the claimant's dependency.

NOTE ON USE ON 6.2f
This instruction is intended for use with instruction 6.1e.

g. Other contributing causes of damage:

(1) Aggravation or activation of disease or defect.
If you find that the defendant[s] caused a bodily injury, and that the injury resulted in [an aggravation of an existing disease or physical defect][or][activation of a latent disease or physical defect], you should attempt to determine what portion of (claimant's) condition resulted from the [aggravation] [or][activation]. If you can make that determination, then you should award only those damages resulting from the [aggravation][or] [activation]. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by (claimant).

NOTE ON USE ON 6.2g(1)
6.2g(1) is intended for use in situations in which a preexisting physical condition is aggravated by the injury, or the injury activates a latent condition. See C.F. Hamblen, Inc. v. Owens, 127 Fla. 91, 172 So. 694 (1937).

(2) Subsequent Injuries / Multiple Events
If you find that (claimant) suffered bodily injury caused by the defendant[s], and that thereafter as the result of a subsequent event (claimant) suffered further bodily injury, you should attempt to determine what portion of [her][his] damages resulted from each event. If you can make that determination, then you should award only those damages caused by the defendant[s]. However if you cannot make that determination, *284 then you should award all such damages that cannot be apportioned.

NOTE ON USE FOR 6.2g(2)
6.2g(2) is intended to address the situation occurring in Gross v. Lyons, 763 So.2d 276 (Fla.2000). It is not intended to address other situations. For example, see Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977), and Eli Witt Cigar & Tobacco Co. v. Matatics, 55 So.2d 549 (Fla.1951). The committee recognizes that the instruction may be inadequate in situations other than the situation in Gross v. Lyons.

Comment on 6.2g(2)
The committee takes no position on whether the subsequent event is limited to a tortious event, or may be a non-tortious event.

g.h. Property damage (Formerly 6.2g)
Any damage to his (reference automobile or other personal property). The measure of such damage is:
[the difference between the value of the (reference property) immediately before the (reference incident complained of) and its value immediately afterward.]
[the reasonable cost of repair, if it was practicable to repair the (reference property), with due allowance for any difference between its value immediately before the (reference incident complained of) and its value after repair.]
You shall also take into consideration any loss (claimant) sustained [for towing or storage charges and] by being deprived of the use of his (reference property) during the period reasonably required for its [replacement] [repair].

Comment on 6.2gh

Amended 1980 to recognize plaintiffs entitlement to cost of repair in lieu of diminution in value. E.g., Alonso v. Fernandez, 379 So.2d 685 (Fla. 3d DCA 1980). Concerning damages for loss of use, see Meakin v. Dreier, 209 So.2d 252 (Fla. 2d DCA 1968). Concerning prejudgment interest, contrast Jacksonville, T. & K.W. Ry. Co. v. Peninsular Land, etc., Co., 27 Fla. 1, 9 So. 661 (1891) and McCoy v. Rudd, 367 So.2d 1080 (Fla. 1st DCA 1979).

FORM OF VERDICT ITEMIZING DAMAGES INTRODUCTORY COMMENT
Historically, a general verdict on compensatory damages was considered appropriate, and the only form of verdict provided in the Florida Rules of Civil Procedure is such a verdict. See Fla. R. Civ. P. Form 1.986(a).
In 1986, the legislature adopted Florida Statute section 768.77 which required separate determinations by the trier of fact of economic damages, noneconomic damages and punitive damages, and further required designation of those damages which occurred prior to the verdict as well as those amounts intended to compensate for losses to be incurred in the future. A further requirement existed for future damages to be itemized both before and after reduction to present value and for a determination of the period of years over which future damages are intended to provide compensation. In 1986 the legislature also adopted section 768.78 providing for alternative methods of payment of damage awards when "the trier of fact" makes an award to compensate for future economic damages in excess of $250,000.00.
In 1989, the committee submitted Model Verdict Forms 8.1a and 8.1b in an "effort to design the leanest possible model conforming to a defensible interpretation of §§ 768.77 and .78, F.S.1987" and expressed no opinion as to whether said statutes were constitutional. (See Comments *285 following Model Verdict Form 8.1a.) Model Verdict Form 8.1a has been modified only to recognize that consortium damages may be both economic and noneconomic.
In 1999, section 768.77, Florida Statutes, was amended to require itemization of only economic losses, noneconomic losses, and punitive damages. In 1999, the legislature also substituted the words "the Court determines" in place of the words "trier of fact" in section 768.78, Florida Statutes. In 1999, the legislature also enacted a provision stating that if the statutes are determined to be encroaching upon the authority of the Florida Supreme Court, the legislature requested a rule change under the provisions of article V, section 2 of the Florida Constitution consistent with the statutes.
No court opinion has expressly determined whether section 768.77 or section 768.78 is constitutional under the provisions of article II, section 3 of the Florida Constitution.
The committee now submits Model Verdict Forms 8.1c and 8.1d as forms intended to comply with the 1999 amendments to section 768.77, retaining the requirement for separately determining past and future damages. The committee takes no position as to whether such forms of verdict would apply to claims based on causes of action accruing before the effective date of the amendment to the statute.
The committee also submits Model Verdict Forms 8.1e and 8.1f as forms complying with section 768.77, as amended in 1999, not requiring separate determination of past and future damages. The committee takes no position on how the court might comply with section 768.78 in cases tried by a jury under circumstances in which future economic damages might, under the evidence, exceed $250,000.00, if a party requested application of the provisions of the statute.
The committee takes no position regarding whether verdict forms complying with the 1999 amendments may be used for cases in which the cause of action accrued before the effective date of those amendments.
Depending on the evidence presented, certain elements of damages may be considered economic, noneconomic, or a mixture of both, thus requiring appropriate modification of the verdict form.
 8.1a
MODEL FORM OF VERDICT ITEMIZING PERSONAL INJURY DAMAGES
 (TORT REFORM ACT OF 1986, § 768.77, FLA. STAT. (1987))
These or similar instructions should appear in the verdict form after findings on
 liability issues.
If you find for (defendant), you need not proceed further except to sign and
return your verdict. By answering the following questions you will determine
the damages if any that (name claimant or claimants) sustained as a result of the
incident in question. [In determining the amount of damages, do not make any
reduction because of the negligence, if any, of (name). If you find that (name)
was to any extent negligent, the court in entering judgment will make an
appropriate reduction in the damages awarded.]
1. What is the amount of any damages sustained for [medical
 expenses] [and] [lost earnings or earning ability] in the past? $ _____
2. What is the amount of any future damages for [medical expenses]
 [and] [lost earning ability] to be sustained in future
 years?
*286
 a. Total damages over future years? $ _____
 b. The number of years over which those future damages are
 intended to provide compensation? _____
 c. What is the present value of those future damages? $ _____
3. What is the amount of any damages for [pain and suffering] [,
 disability] [, physical impairment] [, disfigurement] [, mental
 anguish] [, inconvenience] [, aggravation of a disease or physical
 defect] [or] [loss of capacity for the enjoyment of life],
 a. in the past? $ _____
 b. in the future? $ _____
 TOTAL DAMAGES OF (name claimant)
 (add lines 1, 2c, 3a, and 3b) $ _____
4. What is the amount of any damages sustained by (name spouse)
 in loss of [his wife's][her husband's] services, comfort, society
 and attentions,
 [a.] comfort, society and attentions,
 a.(1) in the past? $ _____
 b.(2) in the future? $ _____
 [b. services
 (1) in the past? $ _____
 (2) in the future? $ _____]
 TOTAL DAMAGES OF (name of claimant spouse)
 (add lines 4[a](1)[,] [and] 4[a](2)[, 4b(1), and 4b(2)]) $ _____
 Note on use of itemized verdict form
 The clarity of the verdict form and the accuracy of the "TOTAL DAMAGES"
verdict depend on the form calling for item 2a, the total economic damages to be
sustained over future years, to be inserted in the indented column as shown in the
model rather than in the far column of figures to be added for a sum of "TOTAL
DAMAGES." If the verdict form available in a particular case cannot clearly
differentiate those columns, the Committee recommends that the "TOTAL DAMAGES"
sum be omitted to avoid the possibility of the jury adding future economic
damages twice.
 Comments on itemized verdict form
 1. This verdict form represents the Committee's effort to design the leanest
possible model conforming to a defensible interpretation of §§ 768.77 and .78, F.S.
1987. Its publication does not imply any view of the constitutionality of § 768.77
under Art. II, Sec. 3, Fla. Const., nor any view of whether or when the parties by
agreement may dispense with verdict items that the Committee interprets the
statute to require.
 2. The Committee acknowledges but does not adopt certain interpretations of
§§ 768.77 and .78 that would require a materially different verdict form: the view
that the statute requires only an undisclosed computation of present value, not the
*287
future total, as well, of future economic damages; the view that different types of
economic damages must be itemized separately and reduced separately to present
value; and the view that the number of years of future noneconomic damages must
be set forth by the trier of fact. The Committee's rationale is discussed at greater
length in The Florida Bar News, Vol. 15, No. 15 (August 1, 1988).
 3. Although § 768.77 may well be read as requiring specification of the number
of years of future noneconomic damages, the complexity added to the verdict is to no
end: that information serves no purpose in § 768.79, Alternative methods of
payment of [economic] damage awards. The questioned language in § 768.77
apparently is a remnant of statutes effective from 1976 to 1985 requiring itemization
in medical malpractice verdicts. § 768.48 F.S. (1976 Supp.), repealed by Ch. 85-175,
Sec. 1. Former § 768.51, however, authorized extended payout of future noneconomic
as well as economic damages, a purpose absent from present § 768.78.
Verdicts itemized as required by those former statutes were commonly waived,
accounting for the absence of judicial decisions and a recommended model form of
verdict appropriate to the former statutes.
 4. As is apparent, the Committee's strategy is to preserve the characteristics of a
general verdict insofar as the statute may be interpreted to grant that latitude, and
to avoid any elaboration whose general acceptance would tend to preempt questions
requiring a judicial decision that additional itemization is or is not necessary.
 5. Parent's damages for loss of child's services and earnings. The Committee
expresses no opinion of whether such future damages are "economic" within the
meaning of § 768.78(2) and require itemization of years and reduction to present
value.
 8.21b
MODEL FORM OF VERDICT ITEMIZING WRONGFUL DEATH DAMAGES
 (TORT REFORM ACT OF 1986, § 768.77, FLA. STAT. (1987))
 These or similar instructions should appear in the verdict form after findings on
 liability issues.
 If you find for (defendant), you need not proceed further except to sign and
return your verdict. By answering the following questions you will determine
the damages if any that (name claimant or claimants) sustained as a result of the
incident in question. [In determining the amount of damages, do not make any
reduction because of the negligence, if any, of (name). If you find that (name)
was to any extent negligent, the court in entering judgment will make an
appropriate reduction in the damages awarded.]
1. What is the amount of any earnings lost by the estate from the
 date of injury to the date of death? (Do not include amount of any
 support lost by a survivor in that period.) $ ______
2. What is the amount of any net accumulations lost by the estate? $ ______
3. What is the amount of any medical or funeral expenses resulting
 from (name's) injury and death charged to the estate or paid by
 someone other than a survivor? $ ______
4. What is the amount of any medical or funeral expenses paid by
 (name), a survivor? $ ______
5. What is the amount of any loss by (name survivor) of the
 decedent's support and services,
 a. from the date of injury to the present? $ ______
 b. in the future? $ ______
 What is the number of years over which those future damages
 are intended to provide compensation? ______
*288
 What is the present value of those future damages? $ ______
6. What is the amount of any damages sustained by (name spouse)
 in the loss of [his wife's] [her husband's] companionship and
 protection and in pain and suffering as a result of the decedent's
 injury and death,
 a. in the past? $ ______
 b. in the future? $ ______
7. What is the amount of any damages sustained by (name minor
 child) in the loss of parental companionship, instruction and
 guidance, and in the child's pain and suffering as a result of the
 decedent's injury and death,
 a. in the past? $ ______
 b. in the future? $ ______
8. What is the amount of any damages sustained by (name parents)
 in pain and suffering as a result of the injury and death of (name
 minor child),
 a. in the past? $ ______
 b. in the future? $ ______
 Note on Use and Comments
 See Note on Use and Comments supra, SJI 8.1 accompanying Model Verdict
Form 8.1a and see the Form of Verdict Itemizing Damages Introductory Comment.
 8.1c
MODEL FORM OF VERDICT ITEMIZING PERSONAL INJURY DAMAGES
WITH PAST AND FUTURE DAMAGES SEPARATED (TORT REFORM ACT
 OF 1986, § 768.77, FLA. STAT. (1999))
 These or similar instructions should appear in the verdict form after findings on
 liability issues.
 If you find for (defendant), you need not proceed further except to sign and
return your verdict. By answering the following questions you will determine
the damages if any that (name claimant or claimants) sustained as a result of the
incident in question. [In determining the amount of damages, do not make any
reduction because of the negligence, if any, of (name). If you find that (name)
was to any extent negligent, the court in entering judgment will make an appropriate
reduction in the damages awarded.]
1. What is the amount of any damages sustained by (name claimant)
 in the past,
 [a. for medical expenses ? $ ______]
 [b. for lost earnings or earning ability? $ ______]
2. What is the present money value of any damages to be sustained
 by (name claimant) in the future,
 [a. for medical expenses ? $ ______]
 [b. for lost earning ability? $ ______]
*289
3. What is the amount of any damages sustained by (name claimant)
 for [pain and suffering] [, disability] [, physical impairment] [,
 disfigurement] [, mental anguish] [, inconvenience] [, aggravation
 of a disease or physical defect] [or] [loss of capacity for the
 enjoyment of life],
 a. in the past? $ ______
 b. in the future? $ ______
 TOTAL DAMAGES OF (name of claimant)
 (add lines [1a,] [1b,] [2a,] [2b,] 3a and 3b) $______
4. What is the amount of any damages sustained by (name spouse)
 in loss of [his wife's] [her husband's]
 [a.] comfort, society and attentions,
 (1) in the past? $ ______
 (2) in the future? $ ______
 [b. services
 (1) in the past? $ ______
 (2) in the future, reduced to present value? $ ______]
 TOTAL DAMAGES OF (name claimant spouse)
 (add lines 4[a](1)[,] [and] 4[a](2)[, 4b(1) and 4b(2)]) $______
 Comment
See the Form of Verdict Itemizing Damages Introductory Comment.
 8.1d
MODEL FORM OF VERDICT ITEMIZING WRONGFUL DEATH DAMAGES
WITH PAST AND FUTURE DAMAGES SEPARATED (TORT REFORM ACT
 OF 1986, § 768.77, FLA. STAT. (1999))
 These or similar instructions should appear in the verdict form after findings on
 liability issues.
 If you find for (defendant), you need not proceed further except to sign and
return your verdict. By answering the following questions you will determine
the damages if any that (name claimant or claimants) sustained as a result of the
incident in question. [In determining the amount of damages, do not make any
reduction because of the negligence, if any, of (name). If you find that (name)
was to any extent negligent, the court in entering judgment will make an
appropriate reduction in the damages awarded.]
 DAMAGES OF THE ESTATE
1. What is the amount of any earnings lost by the estate from the
 date of injury to the date of death? (Do not include amount of
 any support lost by a survivor in that period). $ ______
2. What is the amount of any net accumulations lost by the
 estate? $ ______
3. What is the amount of any medical or funeral expenses resulting
 from (decedent's) injury and death charged to the estate or
 paid by someone other than a survivor? $ ______
*290
 TOTAL DAMAGES OF THE ESTATE
 (add lines 1, 2 and 3) $ ______
 DAMAGES OF (name surviving spouse)
4. What is the amount of any medical or funeral expenses paid by
 (name surviving spouse)? $ ______
5. What is the amount of any loss by (name surviving spouse) of
 the decedent's support and services, from the date of injury to
 the present? $ ______
6. What is the present value of any loss by (name surviving spouse)
 of decedent's support and services in the future? $ ______
7. What is the amount of any damages sustained by (name surviving
 spouse) in the loss of [his wife's][her husband's] companionship
 and protection and in pain and suffering as a result of the
 decedent's injury and death? $ ______
 TOTAL DAMAGES OF (name surviving spouse)
 (add lines 4, 5, 6, and 7) $ ______
 DAMAGES OF (name surviving child)
8. What is the amount of any medical or funeral expenses paid by
 (name surviving child)? $ ______
9. What is the amount of any loss by (name surviving child) of the
 decedent's support and services, from the date of injury to the
 present? $ ______
10. What is the present value of any loss by (name surviving child)
 of decedent's support and services in the future? $ ______
11. What is the amount of any damages sustained by (name surviving
 child) in the loss of parental companionship, instruction and
 guidance, and in the child's pain and suffering as a result of
 the decedent's injury and death? $ ______
 TOTAL DAMAGES OF (name surviving child)
 (add lines 8, 9, 10, and 11) $______
 DAMAGES OF (name surviving mother)
12. What is the amount of any medical or funeral expenses paid by
 (name surviving mother)? $ ______
13. What is the amount of any damages sustained by (name surviving
 mother) in pain and suffering as a result of the injury and
 death of (name minor child)? $ ______
 TOTAL DAMAGES OF (name surviving mother)
 (add lines 12 and 13) $ ______
*291
 _______
 DAMAGES OF (name surviving father)
14. What is the amount of any medical or funeral expenses paid by
 (name surviving father)? $ ______
15. What is the amount of any damages sustained by (name surviving
 father) in pain and suffering as a result of the injury and
 death of (name minor child)? $ ______
 TOTAL DAMAGES OF (name surviving father)
 (add lines 14 and 15) $______
 Note on Use
 1. The selection of applicable portions of this form depends upon determination of
the survivors under the Wrongful Death Act.
 2. Questions 3, 4, 8, 12 and/or 14 should be included as appropriate, based on the
evidence presented.
 3. See the Form of Verdict Itemizing Damages Introductory Comment.
 8.1e
MODEL FORM OF VERDICT ITEMIZING PERSONAL INJURY DAMAGES
WITHOUT PAST AND FUTURE DAMAGES SEPARATED (TORT REFORM
 ACT OF 1986, § 768.77, FLA. STAT. (1999))
 These or similar instructions should appear in the verdict form after findings on
 liability issues.
 If you find for (defendant), you need not proceed further except to sign and
return your verdict. By answering the following questions you will determine
the damages if any that (name claimant or claimants) sustained as a result of the
incident in question. [In determining the amount of damages, do not make any
reduction because of the negligence, if any, of (name). If you find that (name)
was to any extent negligent, the court in entering judgment will make an
appropriate reduction in the damages awarded.]
1. What is the amount of any damages for lost earnings in the
 past, loss of earning capacity in the future, medical expenses
 incurred in the past, medical expenses to be incurred in the
 future, and (list any other economic damages)? $ ______
2. What is the amount of any damages for pain and suffering,
 disability, physical impairment, disfigurement, mental anguish,
 inconvenience, aggravation of a disease or physical defect (list
 any other noneconomic damages) and loss of capacity for the
 enjoyment of life sustained in the past and to be sustained in the
 future? $ ______
 TOTAL DAMAGES OF (name claimant)
 (add lines 1 and 2) $______
3. What is the total amount of damage sustained by (name spouse)
 in loss of [his wife's][her husband's]
 [a.] comfort, society, and attention? $ ______
 [b. services $ ______]
 TOTAL DAMAGES OF (name spouse)
 [(add lines 3a and 3b)] $______
 Comment
*292
See the Form of Verdict Itemizing Damages Introductory Comment.
 8.1f
MODEL FORM OF VERDICT ITEMIZING WRONGFUL DEATH DAMAGES
WITHOUT PAST AND FUTURE DAMAGES SEPARATED (TORT REFORM
 ACT OF 1986, § 768.77, FLA. STAT. (1999))
 These or similar instructions should appear in the verdict form after findings on
 liability issues.
 If you find for (defendant), you need not proceed further except to sign and
return your verdict. By answering the following questions you will determine
the damages if any that (name claimant or claimants) sustained as a result of the
incident in question. [In determining the amount of damages, do not make any
reduction because of the negligence, if any, of (name). If you find that (name)
was to any extent negligent, the court in entering judgment will make an
appropriate reduction in the damages awarded.]
 DAMAGES OF THE ESTATE
1. What is the total amount of any damages lost by the estate for
 [any earnings of the decedent lost from the date of injury to
 the death not including any amount of support lost by a
 survivor in that period] [,] [the amount of any medical or
 funeral expenses resulting from (decedent's) injury and death
 charged to the estate or paid by someone other than a survivor]
 [,] [and] [loss of net accumulations] [,] [(list other damages
 sustained by estate)]? $ ______
 DAMAGES OF (name surviving spouse)
2a. What is the amount of any damages sustained by (name surviving
 spouse) for [loss of the decedent's support] [and] [services]
 [, and] [medical or funeral expenses resulting from (decedent's)
 injury and death paid by (name surviving spouse)]? $ ______
2b. What is the amount of any damage sustained by (name surviving
 spouse) in the loss of [his wife's] [her husband's] companionship
 and protection and in pain and suffering as a result of
 (decedent's) injury and death? $ ______
 TOTAL DAMAGES OF (name surviving spouse)
 (add lines 2a and 2b) $______
 DAMAGES OF (name surviving child)
3a. What is the amount of any damages sustained by (name surviving
 child) for [loss of the decedent's support] [and] [services] [,
 and] [medical or funeral expenses resulting from (decedent's)
 death paid by (name surviving child)]? $ ______
3b. What is the amount of damages sustained by (name surviving
 child) in the loss of parental companionship, instruction and
 guidance and the child's pain and suffering as a result of the
 decedent's injury and death? $ ______
 TOTAL DAMAGES OF (name surviving child)
*293
 (add lines 3a and 3b) $______
 DAMAGES OF (name surviving mother)
4. What is the amount of any damages sustained by (name surviving
 mother) for [pain and suffering as a result of the injury and
 death of (name minor child)] [and] [medical or funeral expenses
 resulting from (decedent's) injury and death paid by (name
 surviving mother)]?
 TOTAL DAMAGES OF (name surviving mother) $______
 DAMAGES OF (name surviving father)
5. What is the amount of any damages sustained by (name surviving
 father) for [pain and suffering as a result of the injury and
 death of (name minor child)] [and] [medical or funeral expenses
 resulting from (decedent's) injury and death paid by (name
 surviving father)]?
 TOTAL DAMAGES OF (name surviving father) $______
 Note on Use
 In general, see the Form of Verdict Itemizing Damages Introductory Comment.
The selection of applicable portions of this form depends upon determination of the
survivors under the Wrongful Death Act.