## Alpher v. Yellow Cab Co.

*Keith Erbstein*, for plaintiff.
*Louis Pera*, and *Arthur M. Toensmeier*, for defendant.

KALISH, *J.*, October 17, 1979—

### I. BACKGROUND

The complaint in this matter attempts to join two separate causes of action under the permissive joinder rules. The first arose on July 24, 1977, when plaintiff was involved in an automobile accident on the Wissahickon Drive in Philadelphia. The second arose 14 months later on September 3, 1978, when plaintiff was involved in a second accident in the

State of Delaware. Defendants are in no way related. Plaintiff's sole reason for joinder is that in both accidents he suffered injury to the same body part, constituting a common question of fact affecting the liability of all defendants under Pa.R.C.P. 2229(b). Defendant, Willie White, contends that the two causes of action should not be joined because there is no common question of law or fact and they do not arise out of the same transaction or series thereof. This court must agree with defendant.

## II. DISCUSSION

Pa.R.C.P. 2229(b) permits joinder of two defendants where plaintiff's asserted rights against both arise "out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action." As stated, the rule sets forth a two-part test which must be satisfied here: a series of transactions *and* a question of law or fact common to all.

The test of when a "series" exists is largely a matter of common sense: 7 Goodrich-Amram 2d §2229(a):5. The dictionary defines it as essentially a group of similar or related persons, things or events coming one after another. Although there is arguable similarity of occurrences in that both were auto accidents allegedly producing the same injury, common sense discloses that that is where the similarity ends. The occurrences are entirely dissimilar as well as unrelated in terms of time, place, manner, and parties. In addition, the phrase "one after another" calls to mind a far more rapid succession than 14 months.

In regard to the more significant issue here, of common question of fact or law, this part of the rule has always been interpreted as requiring that tres-

pass claims arise from a "common factual background." See, generally, 2B Anderson Pa. Civ. Prac. §1044.2; 7 Goodrich-Amram 2d, supra, §2229(b):1, and 2 Goodrich-Amram 2d §1044(b):1, and cases cited therein. The burden is on plaintiff to show that the claims he seeks to join come within the limits of the rule: Wyatt v. Philip Green & Co., 40 Del. Co. 388 (1953). Presumably in attempting to do so, plaintiff relies on the case of Donatucci v. Methodist Hospital, 72 D. & C. 2d 315 (1976). However, plaintiff's reliance on Donatucci is misplaced. In that case the "common thread" binding the two claims was plaintiff's drug overdose. One claim was predicated on administration of the overdose itself while the other was based on alleged negligent treatment of its consequences. Though the liability issues differed substantially, the damage questions were "so closely interwoven" that separate trials would have invited confusion. Were plaintiff to prevail in both, the short time sequence of events would make it near impossible for separate juries to allocate damages.

Unlike Donatucci, plaintiff here has produced no common thread with which to bind the two actions. Not only are the liability issues clearly distinct, but the damage link is so tenuous that it strains logic to permit joinder. Though the rule does not expressly prescribe that the common question be material, the same is implicit in its application. Since the basis for the rule is administrative convenience, joinder is useless unless a material common question exists: 7 Goodrich-Amram 2d, supra, §2229(a):5. Furthermore, the time lapse between the two accidents is certainly of sufficient length to facilitate separate juries in allocating damages between the separate defendants if in fact both are found liable.

358

This court of course recognizes that the permissive joinder rules are to be very liberally construed where administrative convenience would be promoted. Cases are rare however which allow joinder in situations where the defendants have committed separate independent wrongs resulting in distinct injuries: Prosser, The Law of Torts 296 (4th ed. 1971). In this case joinder would not noticeably minimize the quantity of pleading and proof required to prosecute these claims. "[Finally,] the liberal allowance of permissive joinder must not be permitted to obscure the necessity for separate actions when there is no real identity of 'transactions and occurrences.'" Goodrich-Amram 2d, supra, §2229(b):5. See, Lawson v. Pittsburgh Post-Gazette, 119 Pitts. L.J. 343 (1971).

Accordingly, this court enters the following

### ORDER

And now, October 17, 1979, upon consideration of defendant's preliminary objections, defendant, Willie White, is dismissed as a party defendant from the present action.