Ruth Anderson KALKER, Appellant

v.

Deanna MOYER, Abigail Rosario, Hovic Ingram, III, and Navis Ingram, Appellees.

Superior Court of Pennsylvania.

Argued Nov. 14, 2006.

Filed March 19, 2007.

Howard H. Soffer, Bensalem, for appellant.

Daniel J. Divis, Philadelphia, for Ingram, appellees.

BEFORE: STEVENS, KLEIN and PANELLA, JJ.

OPINION BY KLEIN, J.:

¶ 1 Ruth Anderson Kalker appeals from an order of the distinguished trial judge, the Honorable Patricia A. McInerney, sustaining Defendants Hovic and Navis Ingrams' (the Ingrams) preliminary objections. The order also severed Kalker's case against the Ingrams from that of her case against the other Defendants (Rosario and Moyer) and transferred the Ingrams' case to Berks County. We affirm.

¶ 2 Kalker was involved in two separate motor vehicle accidents in two different counties, the first in Philadelphia County and the second seven months later in Bucks County. She filed one complaint in Philadelphia for both the Philadelphia County *and* the Berks County accidents. Kalker claimed that she sustained repeated injury to her right arm which required surgery, and since Kalker's treating surgeon was unable to determine which accident caused what amount of damage to her arm, she should be permitted to file both accidents in one county. As did Judge McInerney, we disagree with Kalker.

¶ 3 The first accident occurred in Philadelphia and involved Defendants, Deanna Moyer and Abigail Rosario. The second accident occurred in Berks County and involved the Ingrams. After the Ingrams filed preliminary objections alleging improper venue of their case in Philadelphia, the trial court entered an order granting the objections, severing the Ingrams' case and transferring it to Berks County. The first case, involving Moyer and Rosairo, will proceed in Philadelphia County.

¶ 4 The central issue presented in this case is one of first impression in this Commonwealth. Namely, when two accidents occur in two different counties seven months apart, are they part of a "series of transactions or occurrences" which should be joined to be tried in one county, where plaintiff's injuries are to the same part of the body and it is difficult to say which accident caused what amount of harm? Today, we hold that under the facts of this case, the accidents are not part of a series of transactions or occurrences, and, therefore, cannot be joined for trial in one county. Likewise, under these circumstances we do not find that there is a common question of fact that will arise in the present actions, although the injuries to Kalker's right arm will arise in both cases.

¶ 5 The rules for permissive joinder are set forth in Pa.R.C.P. 2229, which states:

> (b) A plaintiff may join as defendants persons against whom the plaintiff asserts any right to relief jointly, severally, separately, or in the alternative, in respect of or arising out of the same transaction, occurrence, or *series of transactions or occurrences* if any *common question* of law or *fact* affecting the liabilities of all such persons will arise in the action.

Pa.R.C.P. 2229(b) (emphasis added). While we recognize that trial courts have reached different results in other cases, we are persuaded by the reasoning of the distinguished, late Judge Jacob Kalish, in *Alpher v. Yellow Cab Co.,* 12 Pa. D. & C.3d 355 (Phila.1979). In *Alpher,* Judge Kalish stated:

> The test of when a "series" exists is largely a matter of common sense: 7 Goodrich–Amram 2d § 2229(a):5. The dictionary defines it as essentially a group of similar or related persons, things or events coming one after another. Although there is arguable similarity of occurrences in that both were auto accidents allegedly producing the same injury, common sense discloses that that is where the similarity ends. The occurrences are entirely dissimilar as well as unrelated in terms of time, place, manner, and parties. In addition, the phrase "one after another" calls to mind a far more rapid succession than 14 months. In regard to the more significant issue here, of common question of fact or law, this part of the rule has always been interpreted as requiring that trespass claims arise from a "common factual background." See, generally, 2B Anderson Pa. Civ. Prac. § 1044.2; 7 Goodrich–Amram 2d, *supra,* § 2229(b):1, and 2 Goodrich–Amram 2d § 1044(b):1, and cases cited therein. The burden is on plaintiff to show that the claims he seeks to join come within the limits of the rule: *Wyatt v. Philip Green & Co.,* 40 Del. Co. 388 (1953).

12 Pa. D. & C.3d at 356–57. Whether or not other jurisdictions have adopted an "Indivisible Injury Rule,"[1] we decline to adopt such a rule in Pennsylvania.

---

**1.** *See Treanor v. B.P.E. Leasing, Inc.,* 158 N.W.2d 4, 5 (Iowa 1968); *Gross v. Lyons,* 763 So.2d 276, 279 (Fla.2000).

¶ 6 We are also guided by Pa.R.C.P. 213.1, the rule coordinating actions in different counties. If Kalker had filed her actions separately in the two counties, the various factors which would be considered in deciding whether or not to consolidate those cases would strongly militate against consolidation. In the instant circumstances, there are two different actions involving totally different theories of liability, so there is no common question of fact that predominates. There would be prejudice to the defendants from Berks County if the case were brought in Philadelphia, as they were not involved in an accident in that county and may never have even been present in Philadelphia. The only way to create venue in Philadelphia would have been for the Ingrams to say they are joint tortfeasors, and this is far from the normal situation where the same harm is caused by two different actors, such as two drivers causing one accident or several manufacturers each making a product to which a plaintiff is exposed and which forms the basis of a product liability lawsuit.

¶ 7 While we recognize that there is a possibility that there might be inconsistent verdicts, resulting in Kalker either being paid twice for the same injuries or not receiving full compensation for the instant injury, that is not an unusual situation. For example, if Kalker had settled the Philadelphia accident, the same issues would arise in the Berks County accident. Juries are asked to make this kind of distinction between current and preexisting injuries all the time.

¶ 8 Order affirmed.