**Jackson v. Drew**

C.P. of Bucks County, No. A06-02-63269-C.

*James E. DePasquale,* for plaintiff
*R. Sean O'Connell,* for defendant Danielle Drew
*Laura R. Signorelli,* for defendant Brian Meanor

WETTICK, *J.*, April 24, 2013—Plaintiff's motion to consolidate is the subject of this opinion and order of court.

On October 14, 2010, plaintiff sustained injuries in a two-car collision. The injuries included headaches, cervical strain, sprain with right shoulder pain, lumbar strain and sprain, and right knee sprain.

While improving but still being treated, plaintiff was rear-ended in an automobile accident on January 28, 2011. Plaintiff alleges that as a result of this second accident, all injuries sustained in the October 14, 2010 accident were exacerbated. In addition, in April 2012, it was determined that plaintiff also suffers from a left shoulder rotator cuff

tear, which condition may be medically linked to one, the other, or both accidents.

Plaintiff seeks to consolidate because if the lawsuits are tried separately, in the first lawsuit, the defendant will be attempting to show that the second accident caused any injuries experienced after the second accident, while the defendant in the second lawsuit will be attempting to establish that plaintiff's current medical condition was caused mostly by the accident which is the subject of the first lawsuit. Thus, because of the finger pointing, plaintiff might not be adequately compensated for her injuries.

Under Pa.R.C.P. No. 213, a court may consolidate actions pending in the same county which involve "a common question of law or fact or which arise from the same transaction or occurrence":

(a) In actions pending in a county which involve a common question of law or fact or which arise from the same transaction or occurrence, the court on its own motion or on the motion of any party may order a joint hearing or trial of any matter in issue in the actions, may order the actions consolidated, and may make orders that avoid unnecessary cost or delay.

Defendant Danielle Drew opposes the motion to consolidate. She states that I am barred from consolidating these lawsuits under a ruling of the Pennsylvania Superior Court in *Kalker v. Moyer*, 921 A.2d 21 (Pa. Super. 2007).

In *Kalker*, the accidents happened in different counties. Joinder was sought under Pa.R.C.P. No. 2229(b) which reads as follows:

Rule 2229. Permissive Joinder

(b)  A plaintiff may join as defendants persons against whom the plaintiff asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action.

The court did not permit the joinder because the two accidents occurring in two different counties seven months apart were not part of a "series of transactions or occurrences" which may be joined in one county.

Under Rule 2229(b), joinder is permitted only if both of the following requirements are met: the lawsuits arose out of the same series of transactions or occurrences and a common question of law or fact affecting the rights to relief of all such persons will arise in the action.

Under Rule 213(a), on the other hand, consolidation is permitted upon a showing of either a common question of law or fact or a showing that the actions arise from the same transaction or occurrence.

In this litigation, there is a common question of fact, namely what injuries were caused by which accident. Since the actions involve a common question of fact, and since the interests of justice are served by having both lawsuits tried at the same time by the same fact finder, I am granting plaintiff's motion to consolidate.

## ORDER OF COURT

On this 24 day of April, 2013, it is hereby ordered that plaintiff's motion to consolidate is granted, and the actions at GD-12-008737 are consolidated with the actions at GD-12-008741.